W. A. DELL, PLAINTIFF IN ERROR, VS. JOHN L. MARVIN, TRUSTEE, ET AL., DEFENDANTS IN ERROR.

In a proceeding begun in the Circuit Court by the sheriff against several execution creditors, to obtain directions for the application of funds held by him, there was judgment that the assignee of certain executions should be paid a certain sum out of the funds, and that the balance should be applied by the sheriff to certain other executions. Such assignee, the full amount of none of whose executions was allowed, took a writ of error, and the Circuit Judge ordered that the writ should operate as a supersedeas upon the giving of bond of a stated amount, "conditioned according to law." *Held*, On motion to vacate the approval of the bond, that a bond conditioned to prosecute the writ of error to effect, and in case of the affirmance of the judgment, "to pay the costs of the prosecution" of the writ, was not a full compliance with the order, but as the purpose of the writ of error and supersedeas was to arrest payment of the other execution creditors, as well as review the disallowance of part of the assignee's claim, the bond should also have been conditioned as provided by §1272, R. S., to pay "the amount of the judgment, with interest and costs," if the same should be affirmed.

Writ of error to the Circuit Court for Duval county.

Motion to vacate supersedeas.

The facts in the case are stated in the opinion.

*John E. Hartridge, J. B. Christie, R. H. Liggett,* for motion.

*A. W. Cockrell & Son.,* contra.

RANEY, C. J. :

The facts, in so far as they need be stated for the purposes of the motion before us, are as follows: The sheriff of Duval county, N. B. Broward, *in propria persona,* filed in the office of clerk of the Circuit Court of Duval county, on the 16th day of July last, a motion, which was subsequently put on the motion docket of the court, entitled in the causes of A. G. Elliott & Co. vs. The Standard Publishing Company, and J. N. Megarges & Co. vs. the same company, which motion "shows that in the said above entitled causes and thirty-two other causes in which judgments were obtained and executions issued, funds are in the hands of said sheriff, realized from the sale of the property of said defendant, wholly insufficient to satisfy said several creditors, and a contest has been raised and doubts exist as to the proper application of the said funds to and among the several creditors," and asking the protection and direction of the court as to the application of the funds. A list of thirty-five creditors was filed with the motion, and it was also prayed that they be made parties by appropriate process or notice, and that they should interplead among themselves and be concluded by the judgment of the court. Notice of the motion was accepted by the attorneys of certain parties, and the motion coming on to be heard, the Circuit Judge on July 19th, 1892,

all the several creditors appearing by their respective
attorneys, made an order directing the several creditors
to file in writing within a stated time their respective
claims to the funds in the hands of the sheriff, with the
grounds upon which they claimed priority of lien, and
that each creditor might take issue upon any fact set
up by another creditor.　W. A. Dell filed twenty-seven
judgments obtained by different parties before the
County Judge of Duval county, and two obtained in
the Circuit Court, and the executions thereon, he claim-
ing to be the assignee thereof.　J. L. Marvin, trustee,
filed the Magargee & Co. claim, judgment and execu-
tion, and also a mortgage given by the Standard Pub-
lishing Company to him as trustee, and A. G. Elliot
& Co., filed two Circuit Court judgments and execu-
tions, and the Citizens' Gas & Electric Company filed a
judgment.　Elizabeth S. Robinson also filed a claim
which was for rental of certain described premises.　It
is unnecessary to notice the contents or questions as to
priorities presented by the record.

On the 13th day of August, at a special term of the
court, the cause came on to be heard upon, as recited
in the order or judgment then made, and now to be
stated, "the several interventions, the objections and
exceptions severally thereto, and the issues severally
joined thereon, upon the records and proceedings of
record and file in this court, and in the court of the
county judge of said Duval county, in which the said
several records proceedings were respectively had, and
upon the testimony of witnesses and documentary evi-
dence produced in open court before this court, and

were argued at length by the respective counsel,'' and it was ordered or considered that so much, stating the amount, of each of the said twenty-nine judgments held by Dell as was recovered for services rendered by the plaintiffs therein prior to February 16th, 1892, as employes of the Standard Publishing Company, was a prior lien on the funds, as was also the costs, except $25, taxed in each case as attorneys' fees under section 30, Ch. 3747, acts 1887, which section was, in so far as it allows such fee, declared to be unconstitutional and void, and that the said sums and costs so declared to be a first lien should be paid to Dell.   It was further ordered that the Magargee & Co. claim, held by Marvin, trustee, was entitled to be first paid out of the remaining funds, and that the sheriff pay it, and that then the Elliot & Co. and Citizens' Gas & Electric Company should be paid, share and share alik e, out of the residue, and as this exhausted the funds held by the sheriff, the claims of the '' remaining intervenors'' were denied and disallowed.

On the 23rd day of August a writ of error was sued out by Dell, and on the same day the Circuit Judge made an order that the writ should operate as a supersedeas to the judgment of August 13th, upon Dell's giving bond '' conditioned according to law, in the penal sum of eight hundred dollars, to be approved by the clerk of that court''; and on the 14th day of September a bond of the penalty stated, executed by Dell and two sureties, was filed, and received the written approval of the clerk, N. A. Hull.   The condition of

this bond is, if the plaintiff in error "shall prosecute his writ of error to effect, and in case of the affirmance of the said judgment, shall pay the costs of the prosecution of this said writ of error, then this obligation to be null and void, else to remain in full force and effect."

The motion now before us is "to vacate and set aside the supersedeas allowed W. A. Dell, plaintiff in error, on the ground that no such bond has been filed as authorizes the award of a supersedeas." It is clear that any insufficiency of the bond filed under the order can not impair the order; and consequently the substance and effect of the motion is simply to vacate the clerk's approval of the bond, such approval of even a proper bond being essential to perfect the supersedeas authorized by the order. This is the sole question before us, and we shall confine ourselves to it, and that of the meaning of the order which it necessarily involves. No other questions are before us.

If Dell's status in the Circuit Court was simply that of a plaintiff in a proceeding at law, within the meaning of the first clause of Section 1272, R. S., who had failed to recover or had recovered less than he claimed, then he could have obtained a supersedeas by suing out a writ of error within thirty days from the term and paying all costs accrued up to the issuance of the writ, and giving bond with two good and sufficient obligors, to be approved by the judge or clerk in a sum sufficient to pay all costs which might accrue in the prosecution of the writ, and conditioned to pay such

costs if the judgment of the Circuit Court should be· affirmed. Recognizing him as simply a plaintiff dissatisfied because he had received less than he thinks himself entitled to, and assuming that the bond was filed within thirty days after the session of the court, which is not denied, then his judgment against the sheriff· could be regarded as superseded, and the supersedeas order of the Circuit Judge was surplusage. We do· not think, however, that the Circuit Judge regarded Dell as occupying merely this status, and for two reasons: 1st, because, as indicated, he would not have made any supersedeas order if such had been his view; and,. 2nd, making one, he would not have fixed the penalty of the bond for costs on the writ of error at so large an. amount as eight hundred dollars. Nor do we think the judge's theory was that Dell's status in the court below was even that of a party against whom "a money judgment had been given," within the meaning of the section referred to; for certainly there was no judgment ascertaining any pecuniary liability against him, or any order, like that against the sheriff, directing him to· pay out money. We think the judge's view was that. as a supersedeas of the entire judgment would operate· to suspend the payment of Marvin's claim, and the partial payments which it must be assumed there was. a residue of money to make on the Elliot & Co., and Citizens' Gas & Electric Company claims, there should be a bond to indemnify these three claimants against any damage or loss which might result to them in consequence of or pending such suspension. Had the sheriff appealed from the order in so far as it directed

him to pay the three claimants last mentioned, it is clear that by the joint effect of Sections 1264 and 1272, R. S., he could not have suspended the payment of such claims by any such bond as has been approved by the clerk.  The former of these sections provides that "in all cases in which a rule of court or other summary order to any of the officers of the court and their sureties or deputies is in effect a judgment for the payment of money or other thing, the party aggrieved may prosecute his writ of error as if the rule or order were a formal final judgment at law," and consequently a writ of error taken by the sheriff could not have operated as a supersedeas without at least giving a bond "in a sum sufficient to cover the amount for which judgment was given, together with costs, conditioned to pay the amount of the judgment with interest and costs, if the same be affirmed by the appellate court," as is provided by Sec. 1272 in cases of formal money judgments. The effect of Sec. 1264 is to adopt for orders or rules mentioned therein which are "in *effect*," though not formally or technically money judgments, the practice provided by Sec. 1272 for cases of technical money judments.  It is, however, entirely clear that in the case before us there is, neither in form nor in effect, a judgment against Dell for the payment of money.   He, however, may be aggrieved by the denial of the statutory fees, aggregating $725, and the application to Marvin, Elliot & Co. and the Citizens' Gas & Electric Company, of the moneys over and above that allowed him, which excess is admitted by defendants in error to be about $400; and for the purposes of this motion it must

be held that he, *pending the writ of error*, should also have the right to supersede the payment to the latter creditors. He, however, should not be permitted to do so on any terms less protective of the three claimants named than those which the law would impose on the sheriff if he had taken a writ of error and sought to supersede the payment of the money awarded to them.

Considering the peculiar or double status of Dell as one awarded less than he claimed, and as interested in suspending both this part of the judgment and that which directed payments to be made by the sheriff to other contestants in the proceeding, the Circuit Judge deemed it necessary to make an order, and in our judgment the meaning and purpose of the order was that he should give bond in the amount and payable as indicated by the order, and that the condition of the bond should be both to pay all costs which might accrue in the prosecution of the writ of error if the judgment of the court should be affirmed, and to pay the amounts, with interest and costs, adjudged to be paid the three claimants referred to above, if the same should be affirmed by the appellate court. The judge was doubtless led to make the order by the idea that it was necessary under the provisions of Section 1272, requiring such order when the judgment is in whole or in part other than a money judgment, and we do not say that it was not necessary, the question not being before us; but it is clear that its effect is to prescribe or adopt those conditions which are distinctly expressed or defined by

the section.  If any order was or is necessary, one has of course been made.

The approval of the bond will be vacated, with leave to plaintiff in error to file a bond in accordance with the order of the Circuit Judge and above views; upon the approval of which, the supersedeas will take effect or become operative.  It will be so ordered.