CATHERINE L. PALMER, PLAINTIFF IN ERROR, VS. PAUL PALMER, DEFENDANT IN ERROR.

Appellate Practice—Supersedeas Bonds, Conditions of.

Under the provisions of Section 1272, Revised Statutes, providing that the Circuit Judges shall determine the *amount* and *conditions* of supersedeas bonds when the judgment to be superseded is in whole or in part other than a money judgment, the trial judges in determining the *amount* and *conditions* of such bonds should take into consideration the various rights adjudicated by the judgment to be superseded and accruing by reason thereof to the party in whose favor it is, and so shape *both the amount and conditions* of such bonds as that they will, according to the circumstances of each particular case, fully secure and protect the obligee in all the varied rights accruing to him under his suspended judgment.

Writ of error to the Circuit Court for Duval county.

The facts in the case are stated in the opinion of the court.

Motion to vacate the supersedeas.

*H. B. Philips*, for the motion.

*J. W. Archibald and D. H. Doig, contra.*

Per CURIAM:

Paul Palmer sued Catherine L. Palmer in ejectment in the Circuit Court of Duval county, and recovered judgment adjudging him to be the owner in fee of the lots of land sued for, and that he was entitled to the possession thereof, and awarding to him the sum of three hundred and forty-four dollars for his damages for *mesne* profits, besides the costs of suit. From this judgment Catherine L. Palmer took a writ of error to this court. Upon the suing out of the writ of error on the 4th day of January, 1899, the Circuit Judge made an order that the plaintiff in error should execute to the defendant in error a bond in the sum of "seven hundred dollars *with the usual conditions*," to be approved by the clerk. Although the record does not so explicitly show, yet we infer that the bond so required to be given, as it shows upon its face, was designed to be a *supersedeas* bond. At all events it seems to be so treated and regarded by all parties. Upon this order the plaintiff in error executed to the defendant in error and filed a bond in the sum of $700 with two sureties conditioned as follows: "Now, therefore, whereas the said Catherine L. Palmer as defendant in the above entitled suit has applied for and expects to have issued, upon the execution and approval of this bond, a writ of error and superse-

deas in her favor as to the certain judgment rendered against her, and in favor of said Paul Palmer as plaintiff in said suit on the 19th day of December, A. D. 1898. This bond is conditioned to pay the amount of the said judgment with interest and costs and damages, if any, given by the appellate court, in case said judgment be affirmed by the appellate court."

The defendant in error now moves to vacate the supersedeas effected by said bond upon the grounds, among others, that it is not sufficient in amount, is not properly conditioned, and is not such a bond as is required by law. Section 1272 of the Revised Statutes provides that when a party *against* whom a judgment has been given in the court below desires a writ of error for the review of such judgment to have the effect of a supersedeas thereof, he shall give a bond payable to the adverse party, in a sum, if the judgment be one for money only, sufficient to cover the amount thereof together with costs, and conditioned to pay such judgment with interest and costs, if the same shall be affirmed by the appellate court, but if the judgment is *in whole or in part other than a money judgment* the *amount and condition* of the bond *shall be determined by the court below.* The legislature, in framing this provision of law for the giving of bonds to supersede the execution of judgments pending appellate proceedings for their review, realizing the difficulty of prescribing in advance any fixed rule to govern in all cases the *conditions* to be inserted in such bonds that would fully protect the varied rights of the party whose judgment was to be superseded, where such judgments awarded various other reliefs than a bare recovery of money only, very wisely left the amount and conditions of such bonds to be determined by the Circuit Judge in all cases where the judgment to be superseded was in whole or in part *other than a money*

*judgment*, thereby contemplating that in such cases the trial judge would, in determining both the *amount and conditions*, take into consideration the varied circumstances of each particular case, and would so shape his determination of the matter as to fully protect the party whose judgment was to be superseded in all the varied rights adjudged to him in and by the judgment to be superseded, as fully, at least, as the same could be secured and protected by the surety of a bond. Trial judges in fixing the *amount* and *conditions* of supersedeas bonds, in all the various cases, where the judgment to be suspended is in whole or in part other than a money judgment, should, therefore, take into consideration the various rights adjudicated by the judgment and accruing by reason thereof to the party in whose favor it is, and should so shape *both the amount and conditions* of such bonds as that they will, according to the circumstances of each particular case, fully secure and protect the obligee in all the varied rights accruing to him under his suspended judgment. The Circuit Judge by his order in this case has definitely fixed the *amount* of the bond, and directed that the *conditions* thereof shall be the "usual conditions." As the sufficiency of this order is not questioned by the motion we are not called upon to pass thereon, but, treating the order as one calling for a bond with such conditions as the law contemplates should be given in such cases, (Dell v. Marvin, 31 Fla. 152, 12 South. Rep. 216), we find that the bond given is not conditioned as the law contemplates that it should be in such a case to operate as a supersedeas. The judgment here not only awards to the defendant in error who recovered it a sum of money, but adjudges that he is entitled to the immediate possession of the land therein adjudged to be his in fee. In such a case the *conditions* for a supersedeas bond should be that in the event

the judgment should be affirmed by the Supreme Court the plaintiff in error should deliver up to the obligee the possession of the property as adjudged and pay all damages for its detention, that might accrue subsequent to the rendition of the superseded judgment, and that he should also pay the amount of money adjudged together with interest and costs; and the *amount* of the bond in such a case should be sufficient to meet these conditions and obligations. The bond given here does not come up to these requirements. It secures to the obligee only the payment of the sum of money adjudged to him by his suspended judgment, leaving him without protection for the adjudged right to the immediate possession of the property and the consequent right to the rentals thereof that accrue pending the writ of error. The motion to vacate the supersedeas is, therefore, granted.