CHARLES N. CARR and ELWOOD B. CARR, *Appellants,* v. MARION MORTGAGE COMPANY, a corporation, as Trustee, *Appellee.*

En Banc.

Opinion filed March 12, 1930.

*S. V. M. Ray,* for Appellants;

*Redfearn & Ferrell,* for Appellee.

MATHEWS, Commissioner:

In this proceeding to foreclose a mortgage the court rendered a decree for the complainant in the principal sum of $83,000.00 and $880.97 for insurance premiums paid by complainant and in further sums for interest upon the principal indebtedness, solicitors' fees and costs of abstract and ordered a sale of the property if the amounts be not paid. From this decree defendants appealed.

The court below fixed the amount and conditions of the supersedeas bond by order as follows:

"It is ordered that the amount of the supersedeas bond to be provided by the appellants herein be, and the same is hereby fixed at twenty thousand dollars. It is further

"ORDERED that the said bond be conditioned that the obligors thereof prosecute their said appeal to effect, and in the event of the dismissal thereof, or the affirmance of the said decree, pay to the obligee all its costs and damages occasioned by the said appeal, and shall further pay all taxes upon the property involved in this cause which may now be past due and unpaid, or currently due and unpaid, or which may hereafter become due and payable during the pendency of the said appeal, on or before the first day of January, 1931, and shall keep the said property insured against loss by fire and windstorm in amounts sufficient to prevent co-insurance, and shall pay all insurance premiums due or to become due during the pendency of said appeal."

Bond in the amount and conditioned as fixed by the court below was given and approved on January 22, 1930.

Appellants now move this Court to modify the supersedeas and bond filed in this cause by an order referring the same to the lower court with directions to amend the same by eliminating therefrom the condition to pay certain taxes and the condition to pay certain insurance premiums.

"The real effect of an appeal with supersedeas is to suspend the power of the court of original jurisdiction to make any order tending towards an *execution* or *enforcement* of the order or decree appealed from,

but it does not interfere with the power of such court to make any order necessary for the preservation of the funds or property involved in the litigation pending such appeal, when such orders or decrees do not tend towards an *execution* or *enforcement* of the order or decree appealed from or to place the funds or property involved beyond the reach or control of the judgment or decree of the appellate court.'' McKinnon-Young Co. v. Stockton, 53 Fla. 734, 44 So. R. 237.

Under the provisions of Section 4621 Comp. Gen. Laws of Florida, 1927, Section 2911 Rev. Gen. Stats., 1920, ''providing that the Circuit Judges shall determine the *amount* and *conditions* of supersedeas bonds when the judgment to be superseded is in whole or in part other than a money judgment, the trial judges in determining the *amount* and *conditions* of such bonds should take into consideration the various rights adjudicated by the judgment to be superseded and accruing by reason thereof to the party in whose favor it is, and so shape *both the amount and conditions* of such bonds as that they will, according to the circumstances of each particular case, fully secure and protect the obligee in all the varied rights accruing to him under his suspended judgment.'' Palmer v. Palmer, 41 Fla. 184, 26 So. R. 640.

''The authority conferred by statute upon the Circuit Judge to fix by order the amount and conditions of a supersedeas bond, will not be interfered with by the Appellate Court unless the order as made involves illegality or an abuse of judicial discretion that causes substantial injury or injustice to the complaining party.'' Holgate v. Jones, 93 Fla. 269, 111 So. R. 626.

The condition to pay insurance premiums due, in so far as this amount is included in the decree tends towards

enforcement of the decree, is illegal and may be regarded as surplusage. McKinnon-Young Co. v. Stockton, *supra;* Holgate v. Jones, *supra;* Omaha Hotel Co. v. Kountze, 107 U. S. 378, 27 L. Ed. 609, 2 Sup. Ct. R. 911.

It appears from the final decree that the property involved consists of an apartment building containing 39 apartments, also one frame building and the land on which said buildings are situate, located in a subdivision of the city of Miami. The certified transcript now before this Court is only a partial record.

It has not been made to appear that the conditions of the supersedeas bond requiring the obligors to keep the mortgaged property insured against loss by fire and windstorm and on or before January 1, 1931, pay all taxes due and unpaid against the mortgaged property, is illegal, nor that the order of the court below so conditioning the supersedeas bond amounted to an abuse of judicial discretion, nor that such conditions are not necessary for the preservation of the property pending this appeal.

Motion denied.

PER CURIAM.—The record in this cause having been considered by the Court on the motion to modify the supersedeas herein, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered and ordered by the Court that the motion to modify the supersedeas and bond in this cause be, and the same is hereby, denied.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.