HORTON, Judge.
This interlocutory appeal seeks a review of two orders entered below on May 14 and May 28, 1958, respectively. These orders were entered subsequent to a final decree and after an appeal to the Supreme Court of Florida had resulted in an affirmance of said decree without opinion. International Shipbuilding Corp. v. St. Ana, Fla.1958, 101 So.2d 134.
The final deree adjudicated the sum of $2,818.29 to be due the appellee and directed its payment by International Shipbuilding Corporation, the defendant in the cause. The pertinent part of the decree was as follows:
Ordered, adjudged and decreed that upon the failure of the Defendant herein to comply and conform with the *501 terms as ordered hereinabove, on or before ten (10) days from the date of this Order, the Clerk of the Circuit Court for Dade County shall cause to be had a public sale of the subject boat and motor in the same form and manner as provided by law for foreclosure sales. The proceeds from such sale, less the Clerk’s expenses of such sale, shall be first applied toward satisfaction of that certain lien of the First National Bank of Miami upon the subject boat and motor, any remaining monies shall then be paid over to Plaintiff up to the balance then due under the terms of this Order. Any monies in excess of that required to make payment as above shall be paid over to Defendant.
“Should there be a deficiency of monies due the Plaintiff, upon the Clerk’s sale of the subject boat and motor, the Clerk shall forthwith report the amount of said deficiency to the Court and the Plaintiff shall be entitled to apply to this Court for a deficiency decree on account thereof.”
The decree further reserved jurisdiction in the court to carry out and effectuate the decree by further orders. When review was sought of the final decree in the Supreme Court of Florida by the defendant in that cause, this decree was superseded. Bond in the sum of $3,500 was posted by the appellant as surety. Upon affirmance, the appellee applied to the trial judge for a rule to show cause against the appellant, surety on the supersedeas bond, directing the appellant to show cause why it should not be held in contempt for failure to pay to the appellee the sums found to be due in the final decree; the rule issued thereon.
The appellant made answer to the rule and moved to quash the rule on the grounds that the final decree was not a money judgment but was a decree of foreclosure, and until the directives in the decree had been accomplished, there could be no assessment of the damages under the conditions of the supersedeas bond. Upon a hearing the court entered the order of May 14, 1958,-directing the appellant within five days to pay the appellee the sum of $3,044.86, plus costs and interest thereon, and provided that in default or failure of such payment, such action would be considered a contempt of the court and execution could issue forthwith. The order of May 14th was amended because of a clerical error in describing the amount due the appellee.
The final decree awarded the appellee was a rescission and cancellation of a contract with the defendant, International Shipbuilding Corporation, and was not unlike a decree in a mortgage foreclosure. The Supreme Court of Florida has held that this decree was legally sufficient by its affirmance. Consequently, there was nothing left to do upon the remand of the cause to the trial court but to execute and enforce the decree pursuant to its terms. All that the supersedeas bond accomplished while the cause was on appeal to the Supreme Court of Florida from the final decree was to suspend the power of the trial court to make any order tending toward an execution or enforcement of the decree appealed. See Carr v. Marion Mortgage Co., 99 Fla. 807, 126 So. 776. The provisions of the final decree itself indicate that the trial judge considered his decree in the form of a foreclosure and provided for the sale of the boat in the event of default of the defendant, International Shipbuilding Corporation. It certainly did not confer upon the appellee the right to an execution upon the decree as though it were a judgment for money, without first complying with the terms thereof. The appellee is amply protected under the terms of the final decree, as well as the terms and conditions of the supersedeas bond posted as a condition for a review of the final decree.
In view of the opinions expressed herein, we feel it premature for us to consider the questions raised by the appellant as to the character and kind of damages that may be recovered pursuant to the terms of the supersedeas bond, as they involve contingencies that may never arise.
*502 Accordingly, the orders appealed are reversed and the cause is remanded for proceedings not inconsistent herewith.
Reversed and remanded.
CARROLL, CHAS., C. J., and PEARSON, J., concur.