CARROLL, Judge.
This is an interlocutory appeal from an order denying a motion to stay execution of judgment against one (non-appealing) defendant, when another such defendant had appealed and superseded the judgment.
The question presented by the appeal is whether in a personal injury action arising *581 out of an automobile accident in which judgment is rendered in favor of a plaintiff against the driver of the car, his employer and the owner-lessor, where an appeal is taken with supersedeas by the defendant owner-lessor, such supersedeas stays execution of the judgment against a defendant who did not appeal, or stays execution only as to the one judgment defendant who appealed. A further question involved is whether the form of the order was such as to make the supersedeas operate to stay the judgment as to all defendants.
The rule established in this state that supersedeas of a judgment operates to stay the execution thereof would appear sufficiently broad to preclude enforcement of the pending judgment during appeal. Pennsylvania Threshermen & Farmers’ Mutual Casualty Ins. Co. v. Barrett, Fla.App.1965, 174 So.2d 417, 418; Lockleer v. City of West Palm Beach, Fla.1951, 50 So.2d 348, 349; Carr v. Marion Mortgage Co., 99 Fla. 807, 126 So. 776, 777; McKinnon-Young Co. v. Stockton, 53 Fla. 734, 44 So. 237, 246; Bacon v. Green, 36 Fla. 313, 18 So. 866, 869. In McKinnon-Young Co. v. Stockton, the court said: “The real effect of an appeal with supersedeas is to suspend the power of the court below to make any order tending towards an execution or enforcement of the order or decree appealed from * *
In addition to that general proposition there are two reasons which call for reversal of the order appealed from. One is that a stay of execution against the lessee Dunes, at the time applied for, was necessary for preservation of the rights of Morse who appealed and superseded the judgment. This is so because there was a judgment over, in favor of Dunes, against the appellant Morse for indemnification, based on the contract of Morse to furnish insurance for the lessee Dunes (the insurer having become insolvent). In that circumstance, if Dunes were required to pay the judgment pending the appeal by Morse, the latter would be obligated to Dunes for indemnity even though Morse should succeed on its appeal.
A second additional basis for reversal is that the supersedeas order, by expressly providing for supersedeas of the judgment against “the defendants',” by its own wording stayed the judgment as to the several defendants.
For the reasons stated the order appealed from is reversed.
Reversed.