371 So.2d 1111 (1979)
CITY OF LAUDERDALE LAKES, a Florida Municipal Corporation, Howard Craft, Mayor of the City of Lauderdale Lakes, Alfonso Gereffi, Jerome J. Cohan, Morris Klein, Lyman L. Allen, Louis Greenwald, Harry Kaufman, City Councilmen, and Ben Eigner, Building Official, Appellants,
v.
Herman CORN, Trustee, Appellee.
No. 78-2438.
District Court of Appeal of Florida, Fourth District.
June 20, 1979.
Mallory H. Horton, of Horton, Perse & Ginsberg, Miami, and James C. Brady, P.A., Fort Lauderdale, for appellants.
Gary M. Farmer, of Abrams, Anton, Robbins, Resnick, Schneider & Mager, P.A., Hollywood, for appellee.

ON MOTION TO REVIEW ORDER REQUIRING SUPERSEDEAS BOND
ANSTEAD, Judge.
This cause is before the court upon the appellant's motion to review an order requiring the city to post a supersedeas bond in the amount of 1.14 million dollars for potential damages for delay to the appellee during the pendency of the appeal. Part of the relief granted the appellee in the judgment on appeal was a determination that appellee was entitled to develop certain property within the city. When the city appealed, the appellee requested the trial court to condition a stay of the final judgment upon the city's posting of a bond. The appellee then presented expert testimony to the trial court that, based upon anticipated inflation, the cost of the construction and financing of the development would be 2.28 million dollars more in two years than presently.
The city claims that it cannot legally be held liable to the appellee for damages for delay, and therefore it cannot be required to post a bond for such damages. The appellee claims that damages for delay is *1112 one of the specific purposes of a supersedeas bond and that such a bond is authorized under the appellate rules and case law.
In Jacksonville v. Brentwood Golf Course, Inc., 338 So.2d 1105 (Fla. 1st DCA 1976), the First District reversed an award for damages for delay during appeal assessed against a city under circumstances similar to those here, except that no bond during appeal had been sought or required. However, the First District stated that a bond covering such damages could have been required; and in such case the city would have been liable on the bond for such damages. Also see City of Miami Beach v. State ex rel. Fountainebleau Hotel Corp., 109 So.2d 204 (Fla. 3d DCA 1959), in which the Third District Court of Appeal, while declining to require such a bond under similar circumstances, noted that such a bond could be required. And in State ex rel. State Board of Trustees v. District Court of Appeal for Second District, 261 So.2d 818 (Fla. 1972), the Supreme Court held that while a bond could be required as a condition for granting a stay, such a bond could not be required as a condition to prosecuting an appeal. We are not aware of any Florida decision that has actually upheld an award of damages for delay against a public body after an appeal, with or without a bond.
Under Fla.R.App.P. 9.310(b)(2) a public body is automatically granted a stay upon filing a notice of appeal. The rule further provides that the trial court may impose conditions on the stay or even vacate the stay. Hence, while the stay is automatic, it is not a matter of absolute right, since the trial court retains jurisdiction to vacate or impose conditions upon the stay. Rule 9.310(c)(2) defines the conditions that may be imposed in a supersedeas bond:
The conditions of a bond shall include a condition to pay or comply with the order in full, including costs, interest, fees, damages for delay, use, detention and depreciation of property, if the review is dismissed or order affirmed; and may include such other conditions as may be required by the lower tribunal.
Hence, in the usual case a bond may be required to protect the appellee for damages incident to the delay caused by the granting of a stay pending appeal. We believe the provisions of Rule 9.310(b)(2) authorizing the trial court to vacate or impose conditions upon a stay were intended to afford relief to an appellee from the unjust effects of a stay if the circumstances so require, including vacating the stay or requiring a bond to protect the appellee for damages which a stay may cause.
This condition creates no new cause of action. Jacksonville v. Brentwood Golf Course, Inc., supra. It merely tempers the granting of a stay with the responsibility for the consequences of such stay. By the imposition of such condition the city is not automatically being held legally responsible for damages for delay. Rather, the court is imposing a condition on the city's receipt of a stay, something the city is not entitled to as a matter of right. The city may accept the condition and receive the stay or may decide to proceed without a stay. If the appellee proceeds to enforce the final judgment under the latter circumstances, however, he does so at the risk of a reversal of the final judgment. In this way each party is free to choose its course of action after judgment knowing in advance the risks involved.
We believe this issue is one of great public interest and accordingly, we hereby certify the following question to the Supreme Court:
May a city be required to post a bond for damages for delay in order to secure a stay of a final judgment that requires the public body to permit the construction of a development project?
Because we have concluded that Rule 9.310(b)(2) does authorize the imposition of a bond for damages for delay, the motion for review is denied.
DOWNEY, C.J., and BERANEK, J., concur.