ANSTEAD, Judge, specially
concurring:
This is an appeal from an order compelling discovery in. proceedings in aid of execution. The appellant is one of four guarantors to a promissory note, all of whom suffered a substantial judgment. Two of the guarantors not involved in this appeal filed a supersedeas bond and appealed the final judgment. The appellant in this case also filed an appeal from the final judgment; however, he failed to post a superse-deas bond.
During the pendency of the appeal the judgment creditor commenced proceedings against the appellant in aid of execution. The appellant contended that since two of the judgment debtors had filed a supersede-as, the judgment creditor could not proceed against him by way of execution. He therefore refused to answer interrogatories in aid of execution and the court entered an order compelling him to do so. He then filed a motion for stay and protective order *838 which was denied by the trial court and subsequently filed a motion here for review of that denial. We denied that motion.
The issue is whether or not a supersedeas bond filed by the two other guarantors inures to the benefit of the appellant in this case. Although we have not been cited any Florida law directly on point[1], the general rule appears to be that parties appealing severally must file separate supersedeas bonds, or where two or more defendants unite in appealing, they may join in a single supersedeas bond which then must be worded so as to bind each of them. 4 Am.Jur.2d, Appeal and Error, § 325, p. 809. The appellant here has not joined in any supersedeas bond and he is appealing severally. Accordingly, I agree that the trial court’s order should be affirmed.

. But see Dunes Enterprises, Inc. v. Papandrea, 179 So.2d 580 (Fla. 3d DCA 1965).