415 So.2d 1270 (1982)
CITY OF LAUDERDALE LAKES, a Florida Municipal Corporation; Howard Craft, Mayor of the City of Lauderdale Lakes; Alfonso Gereffi, Jerome J. Cohan, Morris Klein, Lyman L. Allen, Louis Greenwald, Harry Kaufman, City Councilmen; and Ben Eigner, Building Official, Petitioners,
v.
Herman CORN, Trustee, Respondent.
No. 57247.
Supreme Court of Florida.
June 17, 1982.
*1271 James C. Brady, Fort Lauderdale, and Mallory H. Horton of Horton, Perse & Ginsberg, Miami, for petitioners.
Gary M. Farmer of Abrams, Anton, Robbins, Resnick, Schneider & Mager, Hollywood, for respondent.
Terrence J. Russell and Kathleen V. McCarthy of Ruden, Barnett, McClosky & Schuster, Fort Lauderdale, for Gulf + Eastern Development Corp., amicus curiae.
Stephen W. Metz, Tallahassee, for Florida Home Builders Association; and Duane Searles, Washington, D.C., for Nat. Ass'n. of Home Builders, amicus curiae.
OVERTON, Justice.
The Fourth District Court of Appeal has certified to us, as a question of great public interest,[*] the following:
May a city be required to post a bond for damages for delay in order to secure a stay of a final judgment that requires the public body to permit the construction of a development project?
City of Lauderdale Lakes v. Corn, 371 So.2d 1111, 1112 (Fla. 4th DCA 1979). We answer the question in the negative because the city's action is in performance of a legislative "planning-level" function.
In the trial court, respondent, a land developer, succeeded in having a municipal zoning ordinance declared invalid. Petitioner city appealed the adverse ruling. Respondent thereafter moved the trial court to compel the city to post supersedeas bond as a condition of the automatic stay of the trial court's ruling, afforded by Florida Rule of Appellate Procedure 9.310(b)(2), pending the city's appeal. The trial court granted the motion and required the city to post a $1.14 million bond for potential damages for delay. The district court affirmed. We reverse.
Rule 9.310(b)(2) provides:

Public Bodies; Public Officers. The timely filing of a notice shall automatically operate as a stay pending review, except in criminal cases, when the State, any public officer in an official capacity, board, commission or other public body seeks review; provided that on motion the lower tribunal or the court may impose any lawful conditions or vacate the stay.
Subsection (c)(2) of the same rule states:

Conditions. The conditions of a bond shall include a condition to pay or comply with the order in full, including costs, interest, fees, damages for delay, use, detention and depreciation of property, if the review is dismissed or order affirmed; and may include such other conditions as may be required by the lower tribunal.
The district court concluded that a court could require a public body to post supersedeas *1272 reasoning that "[u]nder Fla.R.App.P. 9.310(b)(2) a public body is automatically granted a stay upon filing a notice of appeal. The rule further provides that the trial court may impose conditions on the stay or even vacate the stay. Hence, while the stay is automatic, it is not a matter of absolute right... ." 371 So.2d at 1112.
The district court held that because subsection (c)(2) provided as a condition "damages for delay," supersedeas bond was justified in the instant case.
While we agree that the court may require a bond of a public body under many circumstances, we cannot agree that supersedeas bond is proper for appellate review of legislative planning-level determinations. Requiring a bond in this situation would clearly chill the right of a governmental body to appeal an adverse trial court decision declaring invalid a legislative act. We distinguished between "operational-level" and "planning-level" governmental functions in Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979). We find that the distinction also applies in supersedeas bond proceedings under Rule of Appellate Procedure 9.310(b)(2). To rule otherwise would make cities liable for damages resulting from legislative planning-level decisions. This is clearly contrary to existing law. We, thus, construe rule 9.310(b)(2) as allowing trial and appellate courts the discretion to require governmental entities to post supersedeas bonds in suits where the judgment concerns operational-level functions but find that no authority exists to lawfully require such bonds in planning-level governmental functions.
We can conceive no justification for this Court to require the government to pay for judicial review of legislative actions. A contrary decision would prove catastrophic for small municipalities and counties. Even larger governmental entities would be adversely affected. Consider, for example, the situation that was presented in this Court's recent decision in Graham v. Estuary Properties, Inc., 399 So.2d 1374 (Fla. 1981). The cost of delaying a proposed project with "26,500 dwelling units with an estimated eventual population of 73,500, eleven commercial centers, four marinas, five boat basins, three golf courses, and twenty-eight acres of tennis facilities" would be immense. Id. at 1376. Under respondent's contention, if the Estuary developers had prevailed in the trial court, Lee County could have been required to post a substantial supersedeas bond. That being the case, the ultimate effect could have deprived Lee County of the ability to appeal. This Court, in turn, would not have had the opportunity to review the decision and establish clear guidelines in an essential area of the law.
It is paramount for governmental bodies to have unrestricted appellate court review of their authority to act in a legislative capacity. Requiring the payment of damages for such review is not justified in other circumstances and cannot be here. The only exception is when no justiciable issue is present and when the record establishes that the governmental body is seeking review in bad faith solely as a delaying tactic. The decision of the Fourth District Court of Appeal is quashed and the cause remanded for further proceedings.
It is so ordered.
BOYD, ALDERMAN and McDONALD, JJ., concur.
ADKINS, J., dissents with an opinion in which SUNDBERG, C.J., concurs.
ADKINS, Justice, dissenting.
Petitioner's contention that it should not be required to post a supersedeas bond is based on comparison of the present rule with Rule 5.12 of the 1962 Appellate Rules. The latter specifically provided that "the court may on motion for good cause shown require supersedeas bond or other security in such amount, form and manner as it may prescribe as a condition for the further prosecution of the appeal or certiorari."
Petitioner correctly points out that the present rule, unlike the 1962 rule, does not specifically state that a supersedeas bond can be required. Rather it provides that *1273 the trial or appellate court may "impose any lawful conditions or vacate the stay." It is noted that the next reference to conditions is found in Rule 9.310(c)(2), which describes the conditions of a bond, one of which is a condition to pay damages for delay. Petitioner contends that the furnishing of the bond cannot be a lawful condition under subsection (b)(2) as that term is defined in subsection (c)(2).
In order to avoid any confusion, we should hold that a public body or officer may be required, as a lawful condition, to post a bond for damages for delay in order to secure a stay of a final judgment. We believe that a reading of the entirety of Rule 9.310 leads to this inescapable conclusion. The lawful conditions related in subsection (b)(2) include the requirement of posting a bond in much the same way as the posting of a bond is a condition under subsection (a). That subsection, which establishes the general rule for obtaining a stay pending review, states that: "A stay pending review may be conditioned upon the posting of a good and sufficient bond, other conditions, or both." Implicit in this statement is the fact that a bond is a condition of the stay. The conditions described in subsection (c)(2) are conditions which are related to the bond, not to the stay.
In addition, there is no valid reason why public bodies should be exempt from the condition of posting a bond under considerations of either statutory law, court rules, or public policy.
These views are not inconsistent with this Court's decision in State ex rel. Board of Trustees v. District Court of Appeal for Second District, 261 So.2d 818 (Fla. 1972), in which we held that the right to an appeal is a constitutional right which cannot be conditioned by the requirement of a bond. That holding is as compelling under the present rules as it was under the old rules.
There is no language in the present rule concerning "good cause" (see Rule 5.12, 1962 Appellate Rules) or any other standard. Petitioner suggests that a supersedeas should be required only in those exceptional cases where an appeal by the public body would wreak economic havoc or irreparable damage on the prevailing party.
Respondent, on the other hand, proposes that we establish a standard similar to that employed in cases involving private litigants. One such case was Holgate v. Jones, 93 Fla. 269, 111 So. 626 (1927), wherein this Court held that the trial judge's exercise of discretion in setting a supersedeas bond would not be disturbed unless there was fraud or an abuse of judicial discretion causing substantial injury or injustice to the complaining party. Concerning the criteria to be applied by the trial judge, we specifically stated in Carr v. Marion Mortg., 99 Fla. 807, 126 So. 776 (Fla. 1930), in reference to the setting of a supersedeas bond where the judgment was in whole or part other than a money judgment, that the court should take into consideration the:
various rights adjudicated by the judgment to be superseded and accruing by reason thereof to the party in whose favor it is, and so shape both the amount and conditions of such bonds as that they will, according to the circumstances of each particular case, fully secure and protect the obligee in all the varied rights accruing to him under his suspended judgment.
Id. 126 So. at 777, (quoting from Palmer v. Palmer, 41 Fla. 184, 187, 26 So. 640, 641 (1899).
I believe that the reasoning in Holgate and Carr is applicable to the instant case. It should be noted that the mere fact that public bodies are to be subjected to a bond requirement does not mean they will be treated in a manner identical with a private party. It may be that the obligee can be fully secure and protected in his varied rights through the mere existence of a solvent public body. The certified question should be answered in the affirmative.
The trial judge, having previously determined the necessity of such a bond after reviewing the file and hearing argument of counsel, conducted a hearing to determine the amount of a bond as a condition for a stay. Respondent presented expert testimony at this time; petitioner declined to *1274 offer any testimony. Under the scope of review established in Holgate, we should not hold that the decision of the trial court was such as to mandate a reversal.
The majority holds that a supersedeas bond is improper for appellate review of legislative discretionary/planning level determinations, as it would chill the right of a governmental body to appeal an adverse decision declaring invalid a legislative act. The purpose of requiring a supersedeas bond is to discourage frivolous appeals. See City of Miami v. Murphy, 137 So.2d 825 (Fla. 1962). I rely upon the wisdom of the trial court, not only in entering the judgment, but also in determining whether a supersedeas bond should be required. Furthermore, the supersedeas bond requirement may chill the governmental body in making unconstitutional determinations at the legislative planning level. I would approve the decision of the Fourth District Court of Appeal.
SUNDBERG, C.J., concurs.
NOTES
[*] Jurisdiction vests under article V, section 3(b)(3), Florida Constitution (1972).