PER CURIAM.
This cause is before us upon the motion of the City of Delray Beach (City) to vacate an order of the Department of Transportation (Department) denying the motion of Palm Beach County (County) to vacate automatic stay of an order entered March 21, 1983, but conditioning the stay upon the City’s posting of a bond in the amount of 1120,00o.[1]
The Department’s order of March 21, 1983 adopted the hearing officer’s findings of fact and conclusions of law pertaining to the reclassification of a specified portion of Northeast Eighth Street as a collector road on the City’s street system, thus transferring jurisdiction of and responsibility for said road to the City from the County.
In its motion to vacate filed before this court, the City contends that the Department’s requirement that the City post a bond is contrary to the rule enunciated in City of Lauderdale Lakes v. Corn, 415 So.2d 1270 (Fla.1982). We disagree. In Com, the Supreme Court held that the trial judge could not order the City to post supersedeas bond for potential damages for delay to a land developer during the pendency of an appeal taken by the City from a final judgment requiring it to permit the construction of a development project and declaring invalid a municipal zoning ordinance. Construing Rule 9.310(b)(2), Florida Rules of Appellate Procedure, the Supreme Court ruled that courts had authority to require governmental entities to post supersedeas bonds in suits where the judgment appealed involved operational-level governmental functions but not, as a rule, planning-level governmental functions. Insofar as the judgment involved herein concerned no “decision” of the City which could be characterized as either an operational or planning-level governmental function, we find that there exists no basis warranting application of the Corn rule and conclude that the Department’s decision requiring the posting of a supersedeas bond was an appropriate exercise of its discretion.[2]
Accordingly, the City’s motion to vacate is denied.
MILLS, BOOTH and SHIVERS, JJ., concur.

. This figure represents the estimated annual amount of costs to be incurred by the County, who is responsible for the maintenance and operation of the subject road during the penden-cy of the appeal.

. The basis of our decision renders it unnecessary to address the County’s contention that the City waived its right to attack the imposition of a bond pending appeal because the City itself had opposed vacation of automatic stay below with the suggestion that it be required to post bond.