444 So.2d 1133 (1984)
ST. LUCIE COUNTY, Florida, Appellant,
v.
NORTH PALM DEVELOPMENT CORPORATION, Islantic Corporation, Anna Gates, John L. Wehle, Roger L. Toffolon, Milhess, Inc., and William Schulman, As Trustee, Appellees.
Nos. 83-1863, 83-2233.
District Court of Appeal of Florida, Fourth District.
February 8, 1984.
Daniel B. Harrell, County Atty., and Sarah Woods, Asst. County Atty., F. Craig Richardson of Siemon, Larsen & Purdy, Sarasota, and Charles L. Siemon and Susan G. Connelly of Siemon, Larsen & Purdy, Chicago, Ill., Sp. Counsel, for appellant.
*1134 Harold G. Melville of Neill, Griffin, Jeffries & Lloyd, Fort Pierce, William B. Morrison of Nixon, Hargrave, Devans & Doyle, Jupiter, Stanford R. Solomon of Rudnick & Wolfe, Tampa, Daniel H. James of Hamilton, James, Merkle & Young, West Palm Beach, Devitt J. Adams, Fort Pierce, S. Lee Crouch of Crouch & Miner, Hallandale, Steven R. McCain of McCain & Lynch, Fort Pierce, for appellees.

ON MOTION TO REVIEW
DOWNEY, Judge.
In these consolidated appeals from seven cases consolidated below appellant, St. Lucie County, seeks review of an order and judgment of the circuit court 1) declaring certain portions of the St. Lucie County Comprehensive Zoning Resolution facially unconstitutional, and 2) declaring that appellees' site plan applications met the County's site plan requirements as modified by the trial court. Upon the County's filing its notice of appeal the trial court granted appellees' motion to vacate the automatic stay provided by Florida Rule of Appellate Procedure 9.310(b)(2). The matter is before the court at this time upon the County's motion to review the order vacating the automatic stay. Fla.R.App.P. 9.310(f).
Briefly, the factual background is that appellees are developers of seven parcels of land located on Hutchinson Island in St. Lucie County. Hutchinson Island is actually two narrow barrier islands extending along the eastern boundary of the County, lying between the Atlantic Ocean and the Indian River. The County Comprehensive Zoning Resolution requires site development plan approval in order to build multifamily dwellings, or hotels, on the subject property. When appellees' site development plans were not approved, they instituted the instant lawsuits.
The County contends that the decision on the motion is controlled by the recent decision of the Supreme Court of Florida in City of Lauderdale Lakes v. Corn, 415 So.2d 1270 (Fla. 1982). As presented in its motion and argument in support thereof, the County perceives the holding in Corn to be "that the availability of a stay is an essential element of the right to appellate review and that the courts may vacate a stay involving appeal of a planning-level decision only if no justiciable issue is present and the governmental body is seeking review solely as a delay tactic." The developers on the other hand, while suggesting they prefer our Corn decision[1] to that of the supreme court in the same case (an apparent exercise in futility), contend that the supreme court's decision in Corn is a very narrow one, not controlling here and that Corn only deals with the propriety of requiring a governmental agency to post a supersedeas bond as a condition for staying a judgment against the agency. They argue that Corn focused on protecting the financial integrity of governmental agencies vis-a-vis their planning-level decisions.
While we believe Corn is relevant, it certainly is not controlling here. As the developers contend, the focus there was on requiring a supersedeas bond to effectuate a stay; in contrast, our attention is directed to that aspect of the rule that authorizes the trial court to simply vacate the automatic stay provisions of the rule without utilizing a bond.
The rule we are concerned with, of course, is Florida Rule of Appellate Procedure 9.310(b)(2), which provides:
(2). Public Bodies; Public Officers. The timely filing of a notice shall automatically operate as a stay pending review, except in criminal cases, when the State, any public officer in an official capacity, board, commission or other public body seeks review; provided that on motion the lower tribunal or the court may impose any lawful conditions or vacate the stay.
It is apparent the rule intends that adverse judgments appealed by a governmental *1135 agency are automatically stayed. We suggest the reason therefor, in the context of the case sub judice, is reflected in Corn and involves the fact that planning-level decisions are made in the public interest and should be accorded a commensurate degree of deference and that any adverse consequences realized from proceeding under an erroneous judgment harm the public generally. Even so, the court is given the discretion to vacate the stay when circumstances require. Given the rationale for staying such judgments in the first instance, we believe the stay should be vacated only under the most compelling circumstances.
Adverting now to the case at hand, the record indicates that the trial judge felt there was a serious possibility the developers would suffer substantial damage due to the delay resulting from this appeal, but he did not envision any consequential damage to the County should the developers complete their improvements but lose the appeal. As the trial judge put it: "I can see no prejudice to the County, other than a few cement trucks running up and down there building these buildings." If this assessment of the possibilities was accurate one would have to say the balance of equities would be overwhelmingly tilted in favor of the developers and vacation of the stay was indicated. However, we do not share the trial judge's view of the possible prejudice to the County should the developers proceed with their construction and the County prevail in this litigation. And since his conclusion is not based upon any evidentiary record, the usual presumptions do not abide the conclusion in question. It appears to us that the County could be severely damaged should the developers ultimately lose this case after placing substantial improvements on the various properties and thereafter find it economically unfeasible or impossible to remove them, casting the burden for doing so upon the County.
Accordingly, under these circumstances, we hold it was an abuse of discretion for the trial court to vacate the stay and allow the developers to proceed to complete their developments, albeit without assurance of a certificate of occupancy. The motion to review is therefore granted and the order vacating the stay is reversed.
HERSEY and WALDEN, JJ., concur.
NOTES
[1] City of Lauderdale Lakes v. Corn, 371 So.2d 1111 (Fla. 4th DCA 1979), reversed, 415 So.2d 1270 (Fla. 1982).