867 So.2d 1270 (2004)
Governor John Ellis "Jeb" BUSH; Attorney General Charlie Crist; Chief Financial Officer Tom Gallagher; Commissioner of Agriculture Charles H. Bronson, in their official capacities; The Florida Department of Education; and the State Board of Education, Brenda McShane, Dermita Merkman, Tracy Richardson, Sharon Mallety, Barbara Landrum, on behalf of themselves and minor children; and Urban League of Greater Miami, Inc., Appellants,
v.
Ruth D. HOLMES, Gregory and Susan Watson, Rebecca Hale, John Rigsby, Queen E. Nelson, Samuel Watts, Linda Lerner, Betsy H. Kaplan, on behalf of themselves and minor children; Florida State Conference of Branches of NAACP; Citizens' Coalition for Public Schools; The Florida Congress of Parents and Teachers (a/k/a "Florida PTA"); League of Women Voters of Florida, Inc.; Florida Education Association/United, AFT AFL-CIO, a labor organization and Florida taxpayer; Pat Tornillo, Jr., Andy Ford, Rita Moody, Mary Lopez, and Robert F. Lee, as Florida taxpayers, Appellees.
Nos. 1D02-3160, 1D02-3163, 1D02-3199.
District Court of Appeal of Florida, First District.
March 23, 2004.
*1271 Barry Richard, Greenberg Traurig, P.A., Tallahassee; Charlie Crist, Attorney General, Christopher M. Kise, Solicitor General, Office of the Attorney General, Tallahassee; Raquel A. Rodriguez, General Counsel, Office of the Governor, Tallahassee; and Daniel Woodring, General Counsel, Florida Department of Education, Tallahassee, for Appellants Governor Jeb Bush, et al.
Kenneth W. Sukhia, Fowler, White, Boggs, Banker, PA., Tallahassee, Clint Bolick, Clark M. Neily, Robert M. Freedman, Institute for Justice, Washington, D.C., for Appellants Brenda McShane, et al.
Ronald G. Meyer, Meyers and Brooks, P. A., Tallahassee; Robert H. Chanin, John M. West, and Alice O'Brien, of Bredhoff & Kaiser, P.L.L.C., Washington, D.C.; Pamela L. Cooper of Florida Education Association, Tallahassee; Randall Marshall of American Civil Liberties Union Foundation of Florida, Inc., Miami; Joan Peppard of Anti-Defamation League, Miami; Steven Freeman and Steven Sheinberg of Anti-Defamation League, New York, New York; Steven K. Green and Ayesha N. Khan of Americans United for Separation of Church and State, Washington, D.C.; *1272 Jeffrey P. Sinensky and Kara H. Stein of American Jewish Committee, New York, New York; Elliot M. Mincberg and Judith E. Schaeffer, of People for the American Way Foundation, Washington, D.C.; Steven R. Shapiro, American Civil Liberties Union Foundation, New York, New York; David Strom of American Federation of Teachers, Washington, D.C.; Michael A. Sussman, National Association for the Advancement of Colored People, Goshen, New York; Marc D. Stern of American Jewish Congress, New York, New York; Julie Underwood of National School Board's Association, Alexandria, VA, for Appellees.
Frank A. Shepherd, Independent Voices for Better Education, Teachers for Better Education, Ira J. Paul, Robert N. Wright, and Pacific Legal Foundation, Coral Gables, Amici Curiae.

ORDER ON MOTION TO REVIEW ORDER CONDITIONING AUTOMATIC STAY ON BOND
POLSTON, J.
Appellants seek the removal of the bond the trial court required as a condition of the automatic stay in effect while their appeal of the trial court's final judgment is pending. The trial court's final judgment held that the Opportunity Scholarship Program, section 229.0537, Florida Statutes (1999), is unconstitutional under Article I, section 3, of the Florida Constitution. The trial court required appellants to post a bond or letter of credit to secure reimbursement of funds lost to the school districts while this case is appealed. The trial court required $2,500,000 to be posted for the 2002-03 school year and an additional $2,380,576 for the 2003-04 school year.
Florida Rule of Appellate Procedure 9.310(b)(2) provides "the state, any public officer in an official capacity, board, commission, or other public body" an automatic stay pending review without the necessity of posting a bond. The Florida Supreme Court has interpreted its rule as "allowing trial and appellate courts the discretion to require governmental entities to post supersedeas bonds in suits where the judgment concerns operational-level functions but find[s] that no authority exists to lawfully require such bonds in planning-level governmental functions." City of Lauderdale Lakes v. Corn, 415 So.2d 1270, 1272 (Fla.1982).
The trial court, in Corn, declared a municipal zoning ordinance unconstitutional, and the city appealed the adverse ruling. Id. at 1271. The trial court granted a motion by Corn, a land developer, to require the city to post a $1,140,000 bond for potential damages for delay. Id. The Fourth District Court of Appeal affirmed the trial court's requirement for a bond. Id. at 1272. Quashing the district court's decision, the Florida Supreme Court stated: "We can conceive no justification for this Court to require the government to pay for judicial review of legislative actions." Id. "It is paramount for governmental bodies to have unrestricted appellate court review of their authority to act in a legislative capacity." Id.[1] As in Corn, the Florida Legislature's enactment of the Opportunity Scholarship Program, at issue in this case, is clearly a planning-level governmental function that does not require *1273 a bond for review of the trial court's declaration that it is unconstitutional.
Therefore, we grant appellants' motion to review the trial court's orders conditioning the automatic stay with the posting of a bond and hold that the automatic stay will remain in effect pending review without appellants posting a bond or letter of credit as required by the trial court. We do not reach the other arguments raised by appellants in support of their motion.
VAN NORTWICK, J. AND SMITH, LARRY G., Senior Judge, concur.
NOTES
[1] "The only exception is when no justiciable issue is present and when the record establishes that the governmental body is seeking review in bad faith solely as a delaying tactic." Id. Appellees, in response, do not argue that an exception applies, but instead assert that laches bars appellants' motion. Because the prejudice argued by appellees is speculative, laches does not bar the motion.