R. R. REID FOR HIMSELF AND AS EXECUTOR OF THE WILL OF R. R. REID, SR., AND JESSE C. IRELAND, *Appellants*, v. PATRICK BARRY, BISHOP, *Appellee*.

En Banc.

Opinion Filed December 4, 1925.

1. Section 3170, Revised General Statutes, provides that no appeal from an interlocutory decision, judgment or decree of a circuit court sitting as a court of equity shall operate as a supersedeas unless the judge of the court or justice of the Supreme Court shall on an inspection of the record order and direct a stay of proceedings. When such an order is made the effect of it is to stay all proceedings in the circuit court upon the bill of complaint.

2. No provision is made in the statute for notice to the appellee of the application for a supersedeas. The matter of granting a stay of proceedings is within the discretion of the circuit judge or the justice of the Supreme Court to whom the application is made.

3. In cases where a stay order merely has the effect to obtain delay in the matter of coming to an issue upon the merits the better practice may be to require notice to the appellee of the application for such order before granting it.

A motion to dissolve supersedeas.

Motion denied.

*Dowda & Canon* and *Hilburn & Merryday*, for Appellants;

*Massey, Warlow & Carpenter*, for Appellee.

PER CURIAM.—The appellee exhibited his bill in chancery against Robert R. Reid and Jesse C. Ireland to quiet the

title to a certain tract of land situated in the City of Orlando, in Orange County, and to declare the complainant, as Bishop of St. Augustine, to be the owner in fee of the described land. A demurrer to the bill was interposed by Jesse C. Ireland and Robert R. Reid personally and as executor of the will of Robert R. Reid, Sr., deceased.

By agreement of counsel the bill was amended and the demurrer stood to the bill as amended.

The demurrer was overruled.

From that order the defendants appealed and applied for an order superseding the interlocutory decree and fixing the amount and condition of the supersedeas bond.

The order of the court was that the interlocutory decree "be and the same is hereby superseded and further proceedings stayed" upon the furnishing by the defendants of a bond the amount and conditions of which were fixed by the court.

The Appellee by his counsel moved to dissolve the "order of supersedeas" upon the grounds that it prolongs the litigation; delays the final adjudication of the cause; that it is calculated to cause great loss to the appellee and tends to hold up the progress of Orlando; that it prevents the appellee from proceeding with the cause against the "defendants who entered no appearance in this cause" and that the order was made without notice to appellee or his counsel.

The bill made "all parties claiming interests under Robert R. Reid, Sr., deceased, as heirs, devisees, grantees or claimants under him" parties defendant. There was proof of service of process by publication upon Robert R. Reid and other unnamed defendants. Jesse C. Ireland appeared.

The bill alleges that the diocese of the Roman Catholic Church in Florida comprises all the state except a small

part in West Florida and is under the management and control of the Bishop of St. Augustine and that since the year 1881 it has been the custom of the Church to take the title to property acquired by it in the diocese of St. Augustine in the name of the Bishop of St. Augustine for the time being and his successors in office with power to the Bishop to sell and dispose of the same for the benefit of the Church organizations.

That in May, 1881, Robert R. Reid and his wife conveyed the land described to the Right Reverend John Moore, Bishop of St. Augustine, Florida, and his successors in office and assigns forever. That ever since then John Moore and his successors in office have been in the actual possession of the premises using them for church, rectory and school purposes and that Patrick Barry, Bishop of St. Augustine, is now in actual possession of the property.

It is alleged that Robert R. Reid died in the year 1900 devising his estate to the defendants, Robert R. Reid and Jesse C. Ireland, and his heirs. That the defendants, or some of them, claim an interest in the premises which were conveyed to John Moore as Bishop of St. Augustine because the word "heirs" as a word of inheritance was omitted from the deed.

The contention of complainant is that the covenant of general warranty in the deed binding upon the heirs of the grantors and warranting the title to John Moore, Bishop of St. Augustine, and his successors forever operates by way of estoppel to convey to the church and its privities the perpetual beneficial estate in the land.

It is alleged that John Moore, Bishop of St. Augustine, died in July, 1901, that he was succeeded by William J. Kenny who afterwards died and was succeeded by Michael J. Curley who became Archbishop of Baltimore and he was succeeded by complainant.

The demurrer was general attacking the bill for want of equity and presenting the point that it affirmatively shows that the complainant has no title to the property.

The order appealed from was directed solely to the demurrer and overruled it but it also allowed the defendants thirty days in which to plead or answer.

The supersedeas order was granted on the twenty-seventh day after the order overruling the demurrer was made.

The effect of the supersedeas order in this case was to stay all proceedings in the Circuit Court upon the bill of complaint. See State *ex rel.* v. Gibbs, 68 Fla. 334, 67 South. Rep. 104.

The statute provides that no appeal from an interloctury decision, judgment or decree of a Circuit Court sitting as a Court of Equity shall operate as a supersedeas unless the Judge of the Circuit Court or Justice of the Supreme Court shall on an inspection of the record "order and direct a stay of proceedings." See Section 3170, Revised General Statutes.

No provision is made in the statute for notice to the appellee of the application for a supersedeas. The matter of granting a stay of proceedings under circumstances like those in this case is left to the discretion of the Circuit Judge or the Justice of this Court to whom the application may be made. While if notice had been given and the appellee had had opportunity to show that the effect of the order would be merely to delay the determination of the cause the Court may not have granted the order, we cannot say that the granting of the order without notice was an abuse of discretion.

In cases where a stay order merely has the effect to secure delay in the matter of coming to an issue upon the merits of a cause, as where the appeal is taken from an

interlocutory order overruling a demurrer to a bill, it would seem that the injury which might flow toward the complainant from the failure of the Court to expedite its business is not offset by the benefits which might accrue to the appellant from obtaining a few months of delay before coming to an issue on the merits.

The grounds urged for the dissolution of the supersedeas are such that might have commended themselves to the Judge's judgment to whom the application for the supersedeas was made had an opportunity been given by notice to urge them. But in view of the provisions of the statute and the discretion which it obviously vests in the Chancellor in such matters we cannot say that his action was such an abuse of discretion as to constitute error which we think is the real question presented by the motion.

The motion to dissolve the supersedeas is therefore denied.

WHITFIELD, ELLIS, TERRELL, STRUM AND BROWN, J. J., concur.