Unlawful detainer action by L. Murray Dixon against J.S. Stone and others. From a judgment respondents took an appeal from the civil court to the circuit court of Dade county, but did not file the statutory bond. Petitioner moves to dismiss the appeal. Motion to dismiss was denied by the circuit court, and petitioner brings certiorari to review and quash the order entered.
Petition denied.
The petitioner brought an unlawful detainer action against the respondent Stone in the Civil Court of Record of Dade County. The jury found in favor of the petitioner and judgment was entered for possession of the property, damages and costs. Twenty-two days after the entry of the judgment the respondent took an appeal to the Circuit Court of Dade County, but did not file the bond referred to in section 82.19, Florida Statutes 1941, F.S.A. The petitioner moved to dismiss the appeal on the grounds (1) that the appellant had not filed his appeal within the time required by law, and (2) that the Circuit Court had no jurisdiction because the appellant had failed to file the bond prescribed by law as a condition precedent to taking an appeal. The motion to dismiss the appeal *Page 460 
was denied by the Circuit Court and the petitioner is here for a writ of certiorari to review and quash the order entered.
The unlawful detainer action was brought in the Civil Court of Record under the provisions of chapter 82, Florida Statutes 1941, F.S.A. Section 82.19 thereof provides that with respect to an adverse judgment, "A writ of error may be taken by the losing party to the proper appellate court, in the same manner and time, and under the same terms, including the right to a bill of exceptions, as in other writs of error. The plaintiff in error shall only be required to give bond for the payment of all costs occasioned by the writ, and for the payment of damages (if he be defendant) awarded against him if his writ be not sustained; and no writ of error shall operate as a supersedeas to the execution of the writ of possession."
Writs of error have now been abolished in this State and appeals have been substituted in their stead by the enactment of section 59.01, Florida Statutes 1941, as amended by chapter 22854, Laws of Florida 1945, F.S.A. § 59.01. But section 59.01, as amended has in nowise disturbed the provisions of section 82.19, supra, as respects the manner, time and terms under which an appeal may be taken in an unlawful detainer action.
The unlawful detainer action was prosecuted in the Civil Court of Record of Dade County. This was the appropriate forum. See Sec. 1, Ch. 21868, Laws of Florida 1943, F.S.A. § 33.14.
The statute applicable to appeals from Civil Court of Record judgments provides that: "The circuit court of the county wherein any such civil court of record shall be established, shall have appellate jurisdiction to review judgments or orders of such civil court of record in the same manner and with like powers as the supreme court shall have jurisdiction to review in like actions and judgments and orders of such circuit court; provided, however, that no matters so appealed shall be had later than one calendar month after the entry of (a) the judgment appealed, or (b) order granting or denying motion for new trial." See Sec. 33.11, Florida Statutes 1941, F.S.A. The appeal from the judgment of the Civil Court of Record was taken to the Circuit Court of Dade County not later than one calendar month after the entry of the judgment. It therefore was taken within the time and to the proper appellate court prescribed by the applicable statute.
There is no merit in the second contention advanced by the petitioner that the Circuit Court of Dade County failed to acquire jurisdiction of the appeal because of the failure of the appellant to file a supersedeas bond.
Under general statutes governing appeals the losing party is not required to give a bond unless he desires to supersede the judgment appealed from. See Sec. 13, ch. 22854, Laws of Florida, 1945, now Sec. 59.13, 1947 Cumulative Supplement to Florida Statutes 1941, F.S.A. for the requirements of a supersedeas bond under the general statute. Section 82.19, supra, is relied on by the petitioner as authority for his contention that a bond is required as a condition precedent to taking an appeal from an unlawful detainer judgment. The portion of the section thought by the petitioner to prescribe this requirement reads: "The plaintiff in error shall only be required to give bond for the payment of all costs occasioned by the writ, and for the payment of damages (if he be defendant) awarded against him if his writ be not sustained * * *." This statute is narrower in its requirements for supersedeas than the provisions of chapter 22854, supra. It pertains solely to unlawful detainer proceedings and has not been affected by the subsequent enactment of chapter 22854. See Sec. 43, ch. 22854, Laws of Florida 1945, now Sec. 59.43, 1947 Cumulative Supplement to Florida Statutes 1941, F.S.A.
As we understand this portion of the statute, it places no requirement on a losing defendant that he give bond as a condition precedent to taking his appeal; indeed, the statute might be of doubtful validity if such were its effect. The requirement of the statute is rather placed upon the trial judge that in the event such party desires to supersede a judgment obtained *Page 461 
against him he shall be required to go no further, as respects the terms and conditions of the bond to be given, than to post a bond conditioned "for the payment of all costs occasioned by (the taking of the appeal) and for the payment of damages * * * awarded against him if (the appeal) be not sustained."
Under the statutes pertaining to unlawful detainer actions, the defendant below was precluded from superseding that portion of the judgment awarding possession of the property to the plaintiff, Sec. 82.19, supra; and inasmuch as he apparently did not desire to supersede that feature of the judgment which awarded damages and costs against him he was not required to post the bond required in such a case as a condition precedent to taking the appeal.
The petition for certiorari should be denied.
It is so ordered.
ADAMS, C.J., and CHAPMAN and HOBSON, JJ., concur.