TERRELL, Chief Justice.
This litigation grew out of a schism in the Presbyterian Church of Maitland, Florida, the material aspects of which were very similar to those presented in St. John’s Presbytery v. Central Presbyterian Church of St. Petersburg, Fla., 102 So.2d 714.
A class suit was brought in the Circuit Court of Orange County November 7, 1956, by representatives of St. John’s Presbytery, a Judicatory of the Presbyterian Church in the United States against certain persons representing Maitland Presbyterian Church, who had withdrawn from the parent church and claimed title to the church property. The complaint prayed for mandatory injunction requiring defendants to deliver title and possession of the property of Mait-land Presbyterian Church to plaintiffs, to enjoin and restrain defendants from interfering with the use, enjoyment and control of said property and to require the Mait-land Presbyterian Church, a corporation not for profit, to change the name of the corporation to some other name than “Presbyterian Church in the Town of Maitland” or “Maitland Presbyterian Church.” A motion for more definite statement of facts relied on by defendants, a motion to require plaintiffs to attach certain documents to complaint as required by Rule 1.10, Rules of Civil Procedure, 30 F.S.A., and a motion to strike on behalf of defendants, were overruled except the motion to strike which was not disposed of. Interrogatories were filed by defendants, answer thereto was filed by the plaintiffs and defendants filed their answer to the complaint as required by the rules. A motion to strike the answer and portions of the answer was filed by the plaintiffs but was never ruled on. Other pleadings were proffered, including a motion to transfer the cause to the law side of the docket on an issue in ejectment which was overruled.
May 25, 1957, final decree was entered recognizing plaintiffs as the equitable owners of the property involved and requiring the officers of Maitland Presbyterian Church to execute a deed conveying said property to the representatives of the plaintiffs and enjoining defendants from exercising or attempting to exercise any official jurisdiction or authority in, to, or over the use, control and occupancy of said property of Maitland Presbyterian Church or from interfering with or attempting to interfere with, hinder, disturb or interrupt the peaceful use, enjoyment and control of said property by Maitland Presbyterian Church. From the final decree so entered defendants have appealed and moved for an order fixing the amount and conditions of a supersedeas bond.
The first question presented is whether or not the majority of the congregation of a Presbyterian Church in the United States can withdraw from said church and the presbytery and claim title to the church property as against the claim of title of the minority group who did not withdraw but remained faithful to the parent church.
This is the identical question that was presented and decided in St. John’s Presbytery v. Central Presbyterian Church of St. Petersburg. What we said in that case concludes the point raised here contrary to the contention of appellants.
The second and fourth questions presented were likewise concluded by what we said in St. John’s Presbytery v. Central Presbyterian Church of St. Petersburg. They accordingly require no further exploration here.
The third question challenges the decree of the chancellor wherein he refused to transfer the cause to the law side of the docket for trial of title to the property involved on an issue in ejectment before a jury.
*722 The cause was one peculiarly in equity. It involved the right to an injunction as well as questions relating to trusts. Legal title was shown by the complaint and the answer to be in “The Maitland Presbyterian Church, a non-profit Florida corporation.” Under such circumstances the chancellor had power to settle all questions properly prayed for. He correctly exercised this power.
It is next contended that the chancellor erred in refusing to grant appellants a supersedeas bond.
There was no merit to this contention. The chancellor evidently felt that appellees were entitled to the use, enjoyment, possession and control of the church property which they had for some time been deprived of. Under such circumstances he did not abuse his discretion in refusing a supersedeas bond. See All Florida Surety Co. v. Coker, Fla., 79 So.2d 762, and Florida Supreme Court Rule 19, 31 F.S.A.
The chancellor’s order granting summary judgment is challenged on the ground that appellees’ motion to strike had not been ruled on.
In response to this contention, it is sufficient to say that a motion for summary decree may be filed any time after the expiration of twenty days from the date action or proceeding was instituted. Rule 1.36, Rules of Civil Procedure. The chancellor concluded from an examination of the pleadings, affidavits and interrogatories propounded to counsel there was no material issue of fact to be determined and granted the motion for summary judgment. Other objections relative to ownership of the property were made but they were not shown to be material.
It follows that the final decree of the chancellor must be, and is, hereby affirmed.
Affirmed.
ROBERTS, DREW, THORNAL and O’CONNELL, JJ., concur.