ERVIN, Justice.
The Relator, State Board of Trustees of the Internal Improvement Trust Fund, seeks a writ of prohibition or writ of cer-tiorari to restrain the District Court of Appeal, Second District, from requiring Relator to post a $100,000 supersedeas bond in order to perfect and further prosecute its appeal from an adverse judgment.
The adverse judgment was entered by the Circuit Court of the Sixth Judicial Circuit which quieted title to a strip of beachfront property in favor of Respondent Madeira Beach Nominee, Inc. (appellee in the District Court appeal). The Trustees claimed the strip of property to be sovereignty land belonging to the State. Madeira claimed it was private property owned by it. In the litigation below, the trial court dissolved an injunction which it had originally entered enjoining Madeira’s use of the property by constructing a seawall thereon.
By an original order of November 11, 1971, the District Court agreed that the Trustees’ notice of appeal from the adverse final judgment operated as a super-sedeas. However, on December 7, 1971, the District Court vacated its previous order and on good cause shown required the Appellant Trustees to post the said super-sedeas bond of $100,000 under the authority of Florida Appellate Rule 5.12, 32 F.S.A. The District Court indicated the bond was a condition precedent to the Trustees’ further prosecution of their appeal. This rule reads as follows:
“(1) When Security Not Required.— When the state or any of its political subdivisions, or any officer, board, commission or other public body of the state or any of its political subdivisions, in a purely official capacity, takes an appeal or petitions for certiorari, the filing of the notice of appeal or the peti *820 tion for certiorari as the case may be shall perfect the same and stay the execution or performance of the judgment, decree or order being reviewed and no supersedeas bond need be given unless expressly required by the court.
“(2) Court May Require Bond.—The court may, on motion for good cause shown, require a supersedeas bond or other security, in such amount, form and manner as it may prescribe as a condition for the further prosecution of the appeal or certiorari.”
Immediately thereafter, the Trustees moved the District Court to reconsider its order, contending that the posting of a supersedeas bond under the rule by the State or its officers or agencies is only necessary for the purpose of staying execution of an adverse judgment when required by the court on good cause shown in an appeal or certiorari proceeding as an alternative to an automatic stay of an adverse judgment when the State or its officers or agencies takes an appeal. They contend such a bond is not required as a condition precedent to an appeal even though execution of the judgment is not stayed.
In other words, the Trustees contend, and we agree, that subsection (2) of the rule should not be construed to mean that an appellate court can require the State or its agencies to be placed in a category different from private appellants and required to post a bond “as a condition for the further prosecution of the appeal or cer-tiorari” if it does not wish to supersede or stay an adverse judgment.
This is the literal language of subsection (2) of the rule, but read in connection with subsection (1) it means there will be no automatic stay or supersedeas of an adverse judgment by the taking of appeal or petition for certiorari by the State or one of its agencies in those instances where the appellate court on good cause shown decides that a bond must be posted if the execution or performance of the adverse judgment is to be stayed. It does not mean that an appeal of the State or its agency will be dismissed if the bond required for a stay is not posted.
In our opinion, the District Court, by reason of unfortunate language in the last paragraph of the rule, has confused the purpose of a supersedeas bond thereunder which is to stay an adverse judgment by deeming it to be authority for an appellate court to require a bond as a condition precedent to the right of appeal. Compare Dixon v. Stone, Fla.1949, 38 So.2d 459.
Private appellants are not required to post bond or pay court costs as conditions to taking an appeal. Moreover, the State is no longer immune from court costs. Simpson v. Merrill, Fla.1970, 234 So.2d 350.
The right to an appeal is a constitutional right which cannot be conditioned by the requirement of a bond. Horn v. Horn, Fla.1954, 73 So.2d 905, 906.
We note that Madeira is not under injunction or in anywise disturbed in the possession or use of the beachfront strip during the pendency of the appeal and will not be unless the $100,000 supersedeas bond is posted by the Trustees.
The foregoing considered and the cause being at issue, returns having been filed to the suggestion for the extraordinary writs, we find the merits lie with the Trustees and direct that rule nisi and rule absolute in prohibition issue restraining interference with the Trustees’ appeal from the adverse judgment inasmuch as it is not desired to be superseded by the Trustees.
It is so ordered.
ROBERTS, C. J., and CARLTON, Mc-CAIN and DEKLE, JJ., concur.
ADKINS and BOYD, JJ., dissent.