338 So.2d 1105 (1976)
CITY OF JACKSONVILLE, Appellant,
v.
BRENTWOOD GOLF COURSE, INC., a Corporation, Appellee.
No. DD-47.
District Court of Appeal of Florida, First District.
October 26, 1976.
Rehearing Denied November 22, 1976.
Dawson A. McQuaig, Gen. Counsel, and William Lee Allen, Asst. Gen. Counsel, Jacksonville, for appellant.
C. Ray Greene, Jr. of Greene & Greene, Jacksonville, for appellee.
*1106 SMITH, Judge.
In March 1975 the circuit court entered final judgment declaring void a deed restriction on the use of certain lands conveyed by the City to Brentwood. The City appealed and we affirmed. City of Jacksonville v. Brentwood Golf Course, Inc., 330 So.2d 23 (Fla.App. 1st 1976). Upon receipt of our mandate, the circuit court entertained Brentwood's "motion for damages due to delay" and, after hearing evidence of the rental value of the property for its restricted use and for its highest and best use, awarded Brentwood money damages in the amount of $121,376.60 "for delay and depreciation of the property" during the City's appeal. The City now presents this interlocutory appeal from that award entered after judgment. See Rule 4.2a, F.A.R.
When the City appealed from the circuit court's final judgment setting aside the deed restriction, it posted no supersedeas bond but relied on Rule 5.12(1), F.A.R., providing:
"[T]he filing of the notice of appeal [by a city or other public body] ... shall perfect the same and stay the execution or performance of the judgment, decree or order being reviewed and no supersedeas bond need be given unless expressly required by the court."
Although Rule 5.12(2), F.A.R., authorized the trial court or this Court, on Brentwood's application, to require "a supersedeas bond or other security," no bond was required or applied for.
It was error to enter judgment against the City on account of "damages for delay and depreciation." An unsuccessful appellant has no duty, independent of that voluntarily undertaken by posting a bond to avoid execution, to pay the successful appellee damages incurred by stay of execution during appellate delay.
Until abrogated first by statute and later by court rule, the common law automatically stayed execution of a trial court's judgment, without security, on issuance of a writ of error. It was to remedy damage caused by such gratuitous stays that Parliament required the first supersedeas bond on appeal. 1 C. Crandall, Florida Common Law Practice § 508, at 781-82 (1928); Omaha Hotel Co. v. Kountze, 107 U.S. 378, 2 S.Ct. 911, 27 L.Ed. 609 (1883).
It is commonly understood that the extent of a surety's liability on the supersedeas bond of an unsuccessful appellant depends entirely on the conditions of the bond. Seven-Up Bottling Co. of Miami, Inc. v. George Constr. Corp., 156 So.2d 167 (Fla.App.3d 1963); Lawson v. County Board of Pub. Instr., 114 Fla. 153, 154 So. 170 (1934). Even when the successful appellee has been positively benefited by supersedeas and the passage of time on appeal, those benefits are disregarded in calculating "damages for delay" unless the bond requires that such benefits be taken into account. Fidelity & Deposit Co. of Md. v. Atlantic Nat'l Bank of Jacksonville, 234 So.2d 736 (Fla.App.3d 1970), cert. den. 238 So.2d 111 (Fla. 1970).
So also, the obligation of an appellant, as principal, is founded wholly on the bond itself. He signs the bond, not as a redundant confirmation of some independent obligation imposed as an incident of the appeal, but to bind himself and his heirs and assigns to pay according to its terms, and thereby to obtain supersedeas. When as here a bond was not required for supersedeas, there is consequently no obligation. For the appeal itself the law exacts no price or penalty. Statutory interest is of course incurred on unsatisfied money judgments regardless of whether execution is stayed. Sec. 55.03, F.S. 1975.
Had the court required the City to file a supersedeas bond conditioned to pay Brentwood's damages for delay, by virtue of Rule 5.12(2), F.A.R., and had the City declined to post that bond, Brentwood might have had execution of its judgment notwithstanding the City's appeal. State ex rel. Bd. of Trustees v. District Court of Appeal, Second District, 261 So.2d 818 (Fla. 1972). Thus in proper cases the appellate rules extend to the adversary of a public body, as to all others, the security of a bond or the right to execution. The rules do not, *1107 however, create a cause of action independent of a bond for delay damages.
The decisions relied on by the circuit court and by appellant, Daubmyre v. Hunter, 106 Fla. 858, 144 So. 408 (1932), Hickman v. Hickman, 177 So.2d 844 (Fla.App.3d 1965), and Price v. Rome, 237 So.2d 835 (Fla.App.3d 1970), enforced the obligations of supersedeas bonds according to their terms and did not enforce liability independent of the bonds.
REVERSED.
MILLS, J., concurs.
BOYER, C.J., specially concurs.
BOYER, Chief Judge (concurs specially).
Prior to this decision, the issue here considered appears to have never been squarely presented and resolved. The learned trial judge relied on the only precedents available to him. Recognizing that by this decision we fill a void in the law, I fully concur with the opinion and reasoning thereof: However, I think it important to emphasize that the principles here established are applicable to all parties similarly situated, not just municipalities and other public bodies. The law applicable to recovery of damages incident to delay occasioned by an appeal is not affected nor modified by Rule 5.12, FAR.