DAUKSCH, Judge.
The question on appeal is whether the court can award as costs, under Section 939.06, Florida Statutes (1975), damages resulting from an alleged improper towing, storage and negligent care of an automobile by the Appellant. Appellee successfully defended a Section 943.44, Florida Statutes (1975), automobile forfeiture suit after the State declined to prosecute him after he was charged with delivery of cannabis.
Apparently Appellee had to pay $400 to the towing service for towing and storage and $371.16 for repair on account of negligent care while the car was in storage. He says the City should pay him the money because its agents caused the damages. That may be so and Appellee has a right to sue. A taxing of costs is not the way to go about it. Section 939.06, Florida Statutes (1975), is not specific but its language cannot be stretched to include these costs which were incurred in a quasi-criminal forfeiture proceeding subsequent to, and collateral to, the criminal charges.
This is not a case such as bail bond premiums. Daniel v. State, 309 So.2d 248 (Fla. 4th DCA 1975). Nor is it a case like a DWI tow-away charge. Doran v. State, 296 So.2d 86 (Fla. 2d DCA 1974). We agree with those decisions but determine this matter differently. If a government chooses to seize and attempt to have forfeited a citizen’s automobile then that government must properly seize and store the automobile or pay the towing and storage costs and repairs bills incurred as a result of improper storage. The Judgment for costs against the City of Pompano Beach is reversed without prejudice to the Appellee to seek a proper remedy.
REVERSED.
ALDERMAN, C. J., and LETTS, J., concur.