419 So.2d 1167 (1982)
CITY OF ST. PETERSBURG, Florida, Appellant,
v.
Barry L. WALL and George D. Cranton, Appellees.
No. 81-1823.
District Court of Appeal of Florida, Second District.
September 29, 1982.
*1168 Michael S. Davis, City Atty., and B. Norris Rickey, Asst. City Atty., St. Petersburg, for appellant.
H. Rex Owen and Bruce Crawford of Owen & McCrory, St. Petersburg, for appellees.
SCHEB, Judge.
The trial court entered judgment against the City of St. Petersburg when the city failed to establish a "necessity" in a suit to condemn appellees' land. After the city's unsuccessful appeal, the court awarded damages to appellees for losses incurred during the litigation, and the city now challenges these awards. We affirm as to the damages awarded during the appeal period, but reverse the award for losses incurred during the litigation in the trial court.
In 1977 the city filed suit seeking to condemn appellees' land for use in a proposed storm water retainage system. The trial court determined that the city failed to establish a necessity for the taking and denied its right to acquire appellees' property. The court entered final judgment in favor of appellees, dismissed the petition for condemnation, and dissolved the lis pendens while retaining jurisdiction to assess costs and attorney's fees against the city.
In January 1978 the city appealed that judgment to this court. Appellees promptly filed a motion for a supersedeas bond with the trial court requesting that the city's automatic stay under the appellate rules be conditioned upon its posting a bond to secure payment of all damages incurred by appellees as a result of the appellate proceedings. Since jurisdiction had vested in this court, appellees sought an order to authorize the trial court to hear and determine the motion. Having concluded there was no necessity to require the city to post bond, we denied appellees' motion "without prejudice to appellees seeking recovery of damages and costs resulting from any stay pending appeal pursuant to Rule 9.310(b)(2), Fla.R.App.P."[1]
We subsequently affirmed per curiam the trial court's final judgment. City of St. Petersburg v. Wall, 364 So.2d 896 (Fla. 2d DCA 1978), cert. denied, 376 So.2d 69 (Fla. 1979).
*1169 In October 1979 appellees sued the city for damages incurred due to their inability to use their property as intended because of the city's actions in condemning it. A jury awarded appellees $6,477.81 for damages incurred during the period in which the condemnation action was pending in the trial court (from September 9, 1977, to January 20, 1978) and $121,826.95 for damages incurred during the appellate process (from January 20, 1978, to September 17, 1979). Additionally, the court allowed interest on the awards from September 17, 1979, to the date of its judgment on August 10, 1981. This appeal ensued.
The city argues that any action for damages resulting from a stay must be based on the requirement of posting a bond. Since no bond was posted, it submits there can be no recovery in this case. In support of its argument appellant cites City of Jacksonville v. Brentwood Golf Course, Inc., 338 So.2d 1105 (Fla. 1st DCA 1976), which held that "[a]n unsuccessful appellant has no duty, independent of that voluntarily undertaken by posting a bond to avoid execution, to pay the successful appellee damages incurred by stay of execution during appellate delay." We find it unnecessary to determine, as did the First District in Brentwood, that a municipality's liability in connection with a stay pending appeal is dependent upon whether the court has required the city to post a supersedeas bond.
Here, the city was on notice that we recognized its potential liability even though we excused it from the expense of posting a bond. There is little reason to request a solvent municipality to post a bond when its potential liability for obtaining a stay is made a matter of record. A stay is not a matter of absolute right. It may be conditioned, and both Rule 5.12, 1962 revision, and Rule 9.310(b)(2), 1977 revision, give courts broad authority over stays. Our order reflected that the stay permitted appellees to seek damages resulting from it. The city had the option of pursuing the appeal without the stay. Having chosen to accept the stay, the city became responsible for damages resulting therefrom. Therefore, we affirm the award of $121,826.95 for damages incurred by appellees during the pendency of the appeal.[2]
The award of $6,477.81 for damages during the progress of the condemnation action in the trial court must be reversed, however. Where, as here, there has been no showing of bad faith, a city should not be held liable for litigating a case which it subsequently loses. All property is owned subject to the power of eminent domain. Where that power is exercised in good faith, damages will not be assessed against the unsuccessful exercise of that legal right, although the landowner is entitled to costs and attorney's fees. § 73.091, Fla. Stat. (1981). Therefore, we reverse the award of $6,477.81 for damages accruing during the proceedings in the trial court.
Finally, we must also reverse the prejudgment interest on the award from September 17, 1979, to the date of the trial court's final judgment on August 10, 1981. Where, as here, the damages cannot be computed except on conflicting evidence, inferences, and interpretations, the claim is unliquidated and prejudgment interest is not a proper element of damages. Town of Longboat Key v. Carl E. Widell & Son, 362 So.2d 719 (Fla. 2d DCA 1978).
We find the other issues raised by appellant to be without merit. Accordingly, we affirm in part, reverse in part, and remand for entry of an amended judgment consistent with this opinion.
OTT, C.J., and SCHOONOVER, J., concur.
NOTES
[1] Technically, our order should have been under the 1962 revision instead of the 1977 revision of the appellate rules. The 1977 rules took effect on March 1, 1978. Any appellate proceeding commenced before that date was to continue under the 1962 rules. The city filed its notice of appeal in January 1978. However, the court's authority is substantially the same under the pertinent old and new rule.
[2] We note the city's supplemental reliance on City of Lauderdale Lakes v. Corn, 415 So.2d 1270 (Fla. 1982), but we regard the case as inapposite because it concerns matters of legislative planning.