457 So.2d 1060 (1984)
ONE 1978 GREEN DATSUN PICKUP TRUCK, VIN HL620262180, TAG NO. WPN-271, and James Bryan Kruysman, Appellants,
v.
STATE of Florida, ex rel. MANATEE COUNTY for the Use and Benefit of the MANATEE COUNTY SHERIFF's DEPARTMENT, Appellee.
No. 83-2277.
District Court of Appeal of Florida, Second District.
June 8, 1984.
Terence Matthews, Bradenton, for appellant.
No appearance for appellee.
LEHAN, Judge.
This proceeding for the forfeiture of an automobile, pursuant to section 932.704, Florida Statutes (1981), resulted in a final *1061 judgment releasing the automobile to its owner. The owner appeals from the trial court's refusal to award him the amount of storage fees as costs. We reverse.
We have not been provided with an argument by appellee in this matter which involves the often murky subject of governmental forfeiture proceedings. However, appellant has called to our attention a Fourth District Court of Appeal case which did not award storage fees as costs to a prevailing vehicle owner under somewhat similar circumstances. City of Pompano Beach, Broward County, Florida, for the use and benefit of the Pompano Beach Police Department, 352 So.2d 138 (Fla. 4th DCA 1977). The court in that case labeled forfeiture proceedings as "quasi-criminal" in nature and found that section 939.06, Florida Statutes (1975), authority for an award of costs to an acquitted or discharged criminal defendant, did not justify an award of storage fees as costs to the prevailing vehicle owner although the court's opinion recognized the owner's right to recovery of those fees upon seeking "a proper remedy." Id. at 139. However, subsequent to City of Pompano Beach, the Fourth District characterized forfeiture proceedings as "essentially civil in nature and, therefore ... governed by the rules of civil procedure." In re Forfeiture of Approximately $48,900 in U.S. Currency and Other Personal Property, 432 So.2d 1382, 1385-86 (Fla. 4th DCA 1983). See In re Forfeiture of One Hydroste Boat, 442 So.2d 1088 (Fla. 2d DCA 1983) (suggesting that one claiming an interest in seized property should file a responsive pleading in accordance with Florida Rule of Civil Procedure 1.140); In re Forfeiture of United States Currency in the Amount of $5,300, 429 So.2d 800 (Fla. 4th DCA 1983) (the rule to show cause should require parties claiming an interest in seized property to file a responsive pleading which should include any affirmative defenses, as provided by Florida Rule of Civil Procedure 1.110(c) and (e)).
We agree with the Fourth District in City of Pompano Beach that a vehicle owner who successfully defends a forfeiture proceeding has a right to claim storage fees and that the "government must properly seize and store the automobile or [upon improper seizure] pay the ... storage costs ... incurred...." 352 So.2d at 139. We do not agree, however, that the prevailing owner must seek another remedy for the recovery of storage fees. Considering fairness to the vehicle owner and judicial economy, there should be no necessity for another legal proceeding for that purpose.
Our conclusion is consistent with the foregoing characterization of forfeiture proceedings as civil in nature and with section 57.041, Florida Statutes (1981), providing for the award of legal costs and charges to the prevailing party. Section 932.704(3) refers to storage fees in forfeiture proceedings in the context of costs.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT HEREWITH.
RYDER, A.C.J., and SCHOONOVER, J., concur.