479 So.2d 205 (1985)
CITY OF MIAMI BEACH, Appellant/Cross-Appellee,
v.
Terry BULES, Appellee/Cross-Appellant.
No. 84-2728.
District Court of Appeal of Florida, Third District.
November 26, 1985.
Arnold M. Weiner, Miami, and Eric Liff, Fort Lauderdale, for appellant/cross-appellee.
Maguire & Friend and Michael Friend, Coral Gables, for appellee/cross-appellant.
Before HUBBART, BASKIN and JORGENSON, JJ.
JORGENSON, Judge.
The City of Miami Beach [the City] appeals from a trial court order granting attorney's fees to Bules in a case arising out of a forfeiture action. By way of cross-appeal, Bules contends that the trial court erred (1) in not ordering the City to compensate him for the loss of use of his vessel during the pendency of the City's appeal from the trial court's Final Judgment Denying Forfeiture and (2) in awarding him less than full recovery for the damage inflicted to his vessel while it was in the possession of the City. We agree with the City that the trial court erred in awarding attorney's fees. However, we also agree with Bules that he was entitled to be compensated for the loss of use of his vessel. We do not agree with Bules that the trial court erred in denying him compensation for the damage inflicted upon his vessel prior to the City's appeal. Nonetheless, on remand, upon a proper pleading, Bules will be permitted to seek recovery for this damage.
Pursuant to the Florida Contraband Forfeiture Act, §§ 932.701-.704, Fla. Stat. (1983), the City initiated a forfeiture proceeding against an outboard runabout owned by Bules. The trial court denied *206 forfeiture. The City filed a motion to stay the order of final judgment pending appeal, and Bules filed a motion for a conditional bond. After a hearing on the motions, the trial court granted the City's motion to stay on the following condition:
Pursuant to Florida Rule of Appellate Procedure 9.310(c)(2) and City of St. Petersburg v. Wall, 419 So.2d 1167 (Fla. 2d DCA 1982), if the review is dismissed or order affirmed, this Court will conduct an evidentiary hearing to determine the Petitioner's liability to Respondent, Terry Bules, for costs, interest, fees, damages for delay, use, detention, and depreciation of the seized property.[1]
This court affirmed the final judgment, City of Miami Beach v. Bules, 453 So.2d 54 (Fla. 3d DCA 1984), and, following our remand, the trial court conducted a hearing pursuant to its order granting the stay. At the hearing, Bules presented evidence that a reasonable attorney's fee would be between $4,625.00 and $5,180.00, that it would have cost him approximately $6,000.00 to rent a boat for use as a replacement during the pendency of the City's appeal, and that his vessel sustained damages in the amount of $1,935.38. The trial court awarded $3,000.00 in attorney's fees and $1,000.00 for the damage inflicted upon his boat during the pendency of the City's appeal. The court declined, however, to award Bules any compensation for loss of use or for the damage inflicted upon the vessel prior to the City's appeal. For the following reasons, we affirm in part, reverse in part, and remand.
Firstly, the trial court erred in assessing attorney's fees against the City. There is no statutory or contractual basis for an award of attorney's fees in this case, nor were attorney's fees specifically made a condition of the stay. See Sheriff of Alachua County v. Hardie, 433 So.2d 15 (Fla. 1st DCA 1983); City of Coral Gables v. Geary, 398 So.2d 479 (Fla. 3d DCA 1981).
Secondly, Bules was entitled to be compensated for the loss of use of his vessel occasioned by the appeal. This loss was clearly contemplated by the terms of the trial court's order. On remand, the trial court shall determine an appropriate award for loss of use.
Finally, with regard to the damage to Bules's boat, the trial court did not err in granting recovery for only that portion of the damage inflicted during the pendency of the City's prior appeal. While Bules is entitled to be compensated for the damage sustained prior to the pendency of the appeal, see State ex rel. City of Pompano Beach v. Washington, 352 So.2d 138 (Fla. 4th DCA 1977) (automobile owner who successfully defended automobile forfeiture suit entitled to recover for towing and storage costs and repair bills incurred as a result of improper storage),[2] such recovery was not contemplated by the trial court's order granting the stay. The hearing on the court's order granting the stay was held for the sole purpose of determining those damages and costs that were incurred as a result of the City's appeal. In the interest of judicial economy, on remand Bules will be permitted to file a claim seeking *207 recovery for the damage inflicted prior to the City's appeal. Cf. In re Forfeiture of 1978 Green Datsun Pickup Truck, 475 So.2d 1007, 1008 (Fla. 2d DCA 1985) (after remand from One 1978 Green Datsun Pickup Truck v. State ex rel. Manatee County, 457 So.2d 1060 (Fla. 2d DCA 1984), see supra note 2, trial court granted judgment for owner of seized vehicle who had filed supplemental counterclaim seeking to recover for the loss of his vehicle as a result of county's permitting the vehicle to be sold in order to pay accrued storage costs).
Affirmed in part, reversed in part, and remanded for further proceedings.
NOTES
[1] This language tracks, to a large extent, the text of Florida Rule of Appellate Procedure 9.310(c)(2). Rule 9.310(c)(2) lists the "conditions of a bond." No bond was required to be posted in the instant case; nevertheless, Florida Rule of Appellate Procedure 9.310(a) provides that a "stay pending review may be conditioned upon the posting of a good and sufficient bond, other conditions, or both." (Emphasis added.)
[2] In City of Pompano Beach, the fourth district court held that the automobile owner could not recover as costs damages resulting from the improper towing and storage of his automobile. In One 1978 Green Datsun Pickup Truck v. State ex rel. Manatee County, 457 So.2d 1060 (Fla. 2d DCA 1984), the second district court disagreed with the fourth district court's reasoning in City of Pompano Beach and held that a vehicle owner who successfully defends a forfeiture proceeding can seek to recover storage fees as part of costs. The court determined that a forfeiture proceeding is civil in nature and that storage fees were "costs" within the meaning of section 57.041, Florida Statutes (1981). We need not decide whether storage fees constitute taxable costs. In the present case, Bules seeks compensation for damage to his boat. We do not think that this damage can be considered a legal cost under section 57.041, Florida Statutes (1983).