# Third District Court of Appeal

## State of Florida

Opinion filed December 9, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1629
Lower Tribunal No. 13-18060
_____

**Florida Wellness & Rehab Center, Inc., et al.,**
Petitioners,

vs.

**Michael I. Libman, etc., et al.,**
Respondents.


On Petition for Writ of Certiorari to the Circuit Court for Miami-Dade County, Gisela Cardonnne Ely, Judge.

Ricardo A. Banciella, for petitioners.

Stuart B. Yanofsky, P.A. (Plantation), for respondents.

Before WELLS, ROTHENBERG and SCALES, JJ.

SCALES, J.

Petitioners, defendants/counter-plaintiffs below, Florida Wellness & Rehabilitation Center, Inc., Cereceda & Associates, D.C., P.A., Mark A. Cereceda, D.C., P.A. and Mark A. Cereceda, D.C., (collectively, "Petitioners"), seek certiorari relief from this Court to quash an order of the circuit court staying all proceedings in the underlying case. The circuit court stayed proceedings pending the results of a Florida Bar disciplinary case initiated by Petitioners against Respondent, plaintiff/counter-defendant below, Michael I. Libman. We deny the petition because the trial court's stay order did not depart from the essential requirements of law.

## I.    FACTS

Libman and Respondent, Stuart Yanofsky (collectively, "Respondents") filed suit against Petitioners seeking unpaid legal fees allegedly due to Respondents pursuant to an oral agreement. Petitioners counter-claimed, asserting, *inter alia*, legal malpractice claims against Respondents.

After the case had been pending for some two years, Petitioners filed a grievance with the Florida Bar alleging that Libman's conduct implicated various provisions of Florida's Rules Regulating the Florida Bar.

Libman filed a motion in the circuit court seeking to stay proceedings until the Bar grievance is resolved. After conducting a hearing on the motion, the trial

court granted Libman's motion, and Petitioners now seek certiorari review of that order.

## II. ANALYSIS

In order for this Court to grant certiorari relief, Petitioners must establish that the trial court's order departed from the essential requirements of law, resulting in harm that cannot be remedied upon plenary appeal. Stockinger v. Zeilberger, 152 So. 3d 71, 73 (Fla. 3d DCA 2014).

A pretrial order departs from the essential requirements of law only if it amounts to a violation of a clearly established principle of law resulting in a miscarriage of justice. Id.

A trial court enjoys broad discretion to order or to refuse a stay of an action pending before it. Pilevsky v. Morgans Hotel Grp. Mgmt., LLC, 961 So. 2d 1032, 1034-35 (Fla. 3d DCA 2007).

We are unable to conclude that the trial court abused its discretion in granting the stay order. Petitioners have not cited any clearly established principle of law preventing a trial court from staying civil proceedings related to a pending bar grievance.

Rule 3-7.4(e), of the Rules Regulating the Florida Bar[1] contemplates the situation presented when civil litigation and a bar grievance are interrelated.

---

[1] This rule reads, in relevant part, as follows:

This Bar rule requires the grievance process to move forward (absent express approval from the Bar's Board of Governors), during the pendency of litigation.

Petitioners have cited no correlated authority that would prevent the trial court from exercising its discretion to stay proceedings during the pendency of Bar grievance proceedings.

Petition denied.

---

**(e) No Delay for Civil or Criminal Proceedings.** An investigation shall not be deferred or suspended without the approval of the board even though the respondent is made a party to civil litigation or is a defendant or is acquitted in a criminal action, notwithstanding that either of such proceedings involves the subject matter of the investigation.

R. Regulating Fla. Bar 3-7.4(e).