# Third District Court of Appeal

## State of Florida

Opinion filed January 20, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1334
Lower Tribunal No. 19-8884
_____


**Roberto David Ferro,**
Petitioner,

vs.

**ECI Telecom, Inc.,**
Respondent.


On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Pedro P. Echarte, Jr., Judge.

Nelson Mullins Broad and Cassel, and George G. Mahfood, and Daniela Ferro, for petitioner.

Squire Patton Boggs (US) LLP, and Raúl B. Mañón, Jason Daniel Joffe, and Ketan Ganase, for respondent.


Before EMAS, C.J., and LOGUE, and MILLER, JJ.

MILLER, J.

Petitioner, Roberto David Ferro, seeks relief in certiorari from a nonfinal order denying his motion to dismiss, or, in the alternative, stay, a declaratory action initiated by his former employer, respondent, ECI Telecom, Inc., in the lower tribunal. Ferro contends the trial court departed from the essential requirements of law by effectively forcing him to simultaneously litigate in two different fora. Finding no such departure in the well-reasoned decision rendered below, we deny the petition.

## BACKGROUND

ECI Telecom, a Florida corporation domiciled in Fort Lauderdale, Florida, employed Ferro as a sales director for approximately six years. In the latter part of 2016, Ferro was terminated from his employment. Less than two years later, Ferro filed suit against ECI Argentina S.A. and ECI Norteamerica HQ, along with a director of the former entity, in Argentina. Ferro alleged entitlement to severance compensation and the assessment of employer-targeted penalties available exclusively under Argentine law.

The following year, ECI Telecom filed an action for declaratory relief, unjust enrichment, and conversion against Ferro in the circuit court of Miami-Dade County, Florida. ECI Telecom sought a declaration regarding its rights and responsibilities under an employment agreement transmitted to Ferro at his Aventura, Florida residence and compensation for certain benefits

2

conferred upon him during the employment relationship. ECI Telecom asserted Ferro was a Florida salaried employee and that he remains a Florida resident.

Ferro moved to dismiss or stay the Miami-Dade County action, alleging principles of comity required the trial court to defer to the Argentine tribunal. Finding the foreign court had yet to exercise jurisdiction over ECI Telecom, the trial court denied relief and the instant petition ensued.

**LEGAL ANALYSIS**

"Certiorari is an extraordinary remedy that is available only in limited circumstances." Charles v. State, 193 So. 3d 31, 32 (Fla. 3d DCA 2016). "Certiorari review is warranted when a non-final order (1) cannot be remedied on postjudgment appeal, (2) results in material injury for the remainder of the case, and (3) departs from the essential requirements of law." Farach v. Rivero, 305 So. 3d 54, 56 (Fla. 3d DCA 2019) (citing Fernandez-Andrew v. Fla. Peninsula Ins. Co., 208 So. 3d 835, 837 (Fla. 3d DCA 2017)).

An order having the effect of requiring a litigant "to continue litigating the same issues in two separate forums" satisfies the jurisdictional threshold. Sorena v. Gerald J. Tobin, P.A., 47 So. 3d 875, 879 (Fla. 3d DCA 2010); see Robinson v. Royal Bank of Canada, 462 So. 2d 101, 102 (Fla. 4th DCA 1985) (As "[a] grant of stay is appropriate where two actions are pending

3

simultaneously which involve the same parties and substantially the same causes of action[,] . . . [a] trial court clearly depart[s] from the essential requirements of law by refusing to decline jurisdiction as a matter of comity.") (citations omitted).

Here, at the time the court entertained Ferro's motion, ECI Telecom had neither been added as a party nor served with process in the Argentine lawsuit. Nonetheless, Ferro urges us to embrace the contention that the failure to sue ECI Telecom was a "misnomer." Upon the limited record before us, we are not so persuaded.

It is axiomatic that "[a] mere misnomer is defined as the misdescription of a party." G.B. Holdings, Inc. v. Steinhauser, 862 So. 2d 97, 99 (Fla. 4th DCA 2004) (citation omitted). Equally well-established is the principle that affiliates, even parent corporations and their wholly owned subsidiaries, constitute separate and distinct legal entities. See Am. Int'l Grp., Inc. v. Cornerstone Bus., Inc., 872 So. 2d 333, 336 (Fla. 2d DCA 2004) ("A parent corporation and its wholly-owned subsidiary are separate and distinct legal entities.") (citation omitted); Gladding Corp. v. Register, 293 So. 2d 729, 732 (Fla. 3d DCA 1974) ("We point out that the fact that one corporation, the parent, owns all of the stock of a subsidiary company does not erase the

latter's identity as a legal entity, nor create any conclusions that the latter is only the alter ego of the former.") (citation omitted).

Here, the record supports the proposition that Ferro sued the wrong entity in Argentina. As evidenced by the procedural history in the foreign litigation, this error was not subject to a simple correction of name, hence, cannot be deemed a mere misnomer. In any event, Ferro had ample time to remedy the defect in the foreign tribunal before bringing his motion before the Miami-Dade circuit court. Given this circumstance, Ferro has failed to demonstrate the first-filed action involves "the same parties and substantially the same causes of action," and that the foreign tribunal has exercised jurisdiction over ECI Telecom. Banco Bilbao Vizcaya, S.A. v. Naiz, S.A., 615 So. 2d 233, 234 (Fla. 3d DCA 1993) (citation omitted).

Accordingly, and notwithstanding any special protections afforded to workers under Argentine law, we find no "violation of a clearly established principle of law resulting in a miscarriage of justice," in the decision under review. Fassy v. Crowley, 884 So. 2d 359, 364 (Fla. 2d DCA 2004) (citation omitted); see Fla. Wellness & Rehab Ctr., Inc. v. Libman, 178 So. 3d 977, 978 (Fla. 3d DCA 2015); Snell v. Mott's Contracting Servs., Inc., 141 So. 3d 605, 608 (Fla. 2d DCA 2014); Fla. Power & Light Co. v. Glazer, 671 So. 2d

5

211, 215 (Fla. 3d DCA 1996); <u>see also</u> <u>Reid v. Barry</u>, 90 Fla. 772, 775, 107 So. 264, 265 (1925).

Petition denied.